**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 20 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

  Plaintiff-Appellee,

v.

DANIEL ROMERO,

  Defendant-Appellant.

No. 96-2270
(D.C. No. CIV-96-92 JP/WWD
& CR-92-80 JP)
(D.N.M.)

---

**ORDER AND JUDGMENT***

---

Before **SEYMOUR**, Chief Judge, **PORFILIO** and **MURPHY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The cause is therefore ordered submitted without oral argument.

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Daniel Romero was charged by indictment with one count of conspiracy to distribute less than 500 grams of cocaine and less than 50 kilograms of marijuana, one count of possession with intent to distribute less than 50 kilograms of marijuana, one count of possession with intent to distribute less than 500 grams of cocaine, and ten counts of being a felon in unlawful possession of a firearm. Pursuant to a plea agreement, Mr. Romero agreed to plead guilty to an information charging him with one count of using and carrying a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1). The district court accepted Mr. Romero's guilty plea and sentenced him to the mandatory statutory sentence of five years. Mr. Romero brought this action for habeas corpus relief, asserting that his conviction under section 924(c)(1) must be vacated under Bailey v. United States, 116 S. Ct. 501(1995). The district court concluded that Mr. Romero's conviction was unaffected by Bailey and denied relief. Mr. Romero appeals and we affirm.[1]

The underlying facts are set out in the Presentence Investigation Report,

___

[1] The district court also denied Mr. Romero's motion for a certificate of appealability required by the Antiterrorism and Effective Death Penalty Act. We have subsequently held that this requirement does not apply to cases filed before the Act's effective date, April 24, 1996. See United States v. Kunzman, No. 96-1310, 1997 WL 602507, at *3 n.2 (10th Cir. Oct. 1, 1997). The petition in this case was filed on January, 22, 1996, before the Act's effective date, and Mr. Romero therefore does not need a certificate of appealability to proceed with his appeal.

which Mr. Romero has not challenged. The Report states that Mr. Romero, together with his brother and others, arranged with undercover officers to trade two vehicles, eleven firearms, and cash for eight pounds of marijuana and ten ounces of cocaine. Mr. Romero was present at some of the negotiations and when the trade took place. During the exchange, Mr. Romero handed a metal case containing the firearms to his brother, who was sitting in the undercover officer's van. Mr. Romero now contends his actions do not constitute using a firearm during and in relation to a drug trafficking offense under section 924(c)(1) as construed by the Supreme Court in <u>Bailey</u>.

In <u>Bailey</u>, the Supreme Court rejected the construction of section 924(c)(1) used by most circuits, including this one, and held that a conviction for using a firearm in violation of "§924(c)(1) requires evidence sufficient to show an *active employment* of the firearm by the defendant, a use that makes the firearm an operative factor in relation to the predicate offense." <u>Bailey</u>, 116 S. Ct. at 505. However, the Court specifically held that "'use' certainly includes brandishing, displaying, <u>bartering</u>, striking with, and most obviously, firing or attempting to fire, a firearm." <u>Id.</u> at 508 (emphasis added). Under the Court's interpretation, "a firearm can be used without being carried, *e.g.*, when an offender has a gun on display during a transaction, or barters with a firearm without handling it." <u>Id.</u> at 507. <u>See</u> <u>Smith v. United States</u>, 508 U.S. 223, 238-39 (1993).

-3-

Mr. Romero does not and could not contend that bartering is not "using" within the meaning of the section after Bailey. He argues instead that his guilty plea must be set aside because his conduct did not amount to bartering.

The Supreme Court has held that

> [a] guilty plea "is more than a confession which admits that the accused did various acts." It is an "admission that he committed the crime charged against him." By entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime.

United States v. Broce, 488 U.S. 563, 570 (1989) (citations omitted). An exception to the rule barring a collateral challenge to a guilty plea exists when a defendant claims his conviction is unconstitutional because the facts to which he pled guilty have subsequently been determined not to be criminal. See United States v. Bernhardt, 93 F.3d 706, 708 (10th Cir. 1996). In such a case, we inquire whether the plea was supported by an adequate factual basis, bearing in mind that the acceptance of the plea is deemed a finding that the factual basis is adequate and that our review is therefore under the clearly erroneous standard. Id. at 709-10.

Mr. Romero concedes, as he must, that a barter constitutes "use" both before and after Bailey, and that a barter took place here. He asserts only that the record contains no evidence to support his involvement in the barter. We disagree. The record shows that Mr. Romero was present at negotiations for the

barter, that he was present at the exchange, and that he handed the gun case to his brother to hand to the undercover agent. These acts are adequate to support his conviction on the basis of his participation in the barter, either as a principal or as an aider and abettor.[2]

Moreover, because Bailey did not change the substantive law holding that barter is "use" under the statute, the Bernhardt exception is not applicable and Mr. Romero's guilty plea and conviction therefore "comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence." Broce, 488 U.S. at 569. His plea thus admits that his conduct amounted to participation in the barter and forecloses his claim that the facts to which he pled do not constitute an offense under the statute.

We AFFIRM the judgment of the district court.

ENTERED FOR THE COURT


Stephanie K. Seymour
Chief Judge

---

[2] A person can be convicted of aiding and abetting the use of a firearm in violation of 18 U.S.C. § 924(c). See United States v. Price, 76 F.3d 526, 529 (3d Cir. 1996). Moreover, a person can be convicted of aiding and abetting a substantive offense even if the charging documents do not specifically so plead. See United States v. Dodd, 43 F.3d 759, 762 n.5 (1st Cir. 1995); United States v. Morris, 612 F.2d 483, 495 n.20 (10th Cir. 1979).