F I L E D
United States Court of Appeals
Tenth Circuit

August 30, 2007

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MALCOLM DEROME MCGEE, a/k/a
Malik; a/k/a Mike McGee,

Defendant-Appellant.

No. 07-5064

(N.D. Oklahoma)

(D.C. Nos. 03-CV-885-EA and
00-CR-105-EA)

---

**ORDER**

---

Before **HENRY**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

---

Malcolm McGee, a federal prisoner proceeding pro se, seeks a certificate of appealability ("COA") to appeal the district court's order denying his 28 U.S.C. § 2255 petition to vacate, modify, or set aside his sentence. In his § 2255 petition, Mr. McGee alleged he received ineffective assistance of counsel because (1) his trial and appellate counsel failed to argue that he was improperly classified as a career offender; (2) trial counsel failed to recognized he was not a career offender during the plea bargain negotiations; and (3) trial counsel failed to file a notice of appeal of the amended judgment. Mr. McGee also moved to amend his petition to add a Sixth Amendment *Blakely* claim, which the district court denied. Before us,

Mr. McGee raises the ineffective assistance claims, and also seeks to challenge the constitutional validity of his prior convictions.[1] Because Mr. McGee has failed to make a "substantial showing of the denial of a constitutional right," *see* 28 U.S.C. § 2253(c)(2), we deny his application for a COA and dismiss this appeal.

## I. BACKGROUND

As detailed in our opinion affirming Mr. McGee's conviction and remanding for resentencing, *United States v. McGee*, 291 F.3d 1224, 1225-26 (10th Cir. 2002):

> [A] jury found Mr. McGee guilty of conspiring to possess phencyclidine (PCP) in violation of 21 U.S.C. § 846 [Count 1], causing another person to unlawfully possess with intent to distribute PCP in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iv) and 18 U.S.C. § 2(b) [Count 2], and using a communication facility to facilitate the commission of a felony in violation of 21 U.S.C. § 843(b) [Count 3]. The district court granted Mr. McGee's motion to arrest judgment as to Count 1. It then sentenced him to life imprisonment on Count 2 and 56 years on Count 3, to run concurrently. On appeal, Mr. McGee contend[ed] that the government presented insufficient evidence to support his Count 2 conviction and that the district court imposed an illegal sentence on Count 3.

On direct appeal we affirmed the judgment of the district court as to Count 2 and remanded for resentencing on Count 3. On remand, the district court resentenced

---

[1] As the district court noted, "[b]ecause [Mr. McGee] raises only ineffective assistance of counsel claims in his § 2255 petition, there is no procedural bar to his claims." District Ct. Order, filed Apr. 27, 2007, at 5, n.4.

Mr. McGee to 96 months' imprisonment on Count 3. Mr. McGee did not directly appeal this new sentence.

## II. DISCUSSION

In order to obtain a COA, Mr. McGee must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He may make this showing "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "[A] claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that [the] petitioner will not prevail." *Id.* at 338.

Mr. McGee contends he received ineffective assistance of counsel because counsel erroneously advised him that he was a career offender based upon a 1987 prior conviction for possession of cocaine. Under U.S.S.G. § 4B1.1, a defendant may qualify as a career offender if:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

In the challenge to his career offender classification, the district court agreed with Mr. McGee that his 1987 conviction for possession of cocaine was not a "controlled substance offense" for application of the career offender enhancement unless the record reflected that the crime involved additional elements required under U.S.S.G. § 4B1.2.[2]  District Ct. Order, filed Apr. 27, 2007, at 8-9.  The district court concluded however, that Mr. McGee's 1988 conviction for possession for sale of cocaine base and a 1990 conviction for battery with serious injury presented two prior qualifying felony convictions under § 4B1.2.  It also concluded that any error on the part of his attorney was immaterial, and hence, non-prejudicial because of his statutory mandatory life sentence on Count 2.

Because of this ruling, Mr. McGee seeks a stay of the present proceedings so that he may go back to state court and challenge his prior 1988 and 1990 state convictions as constitutionally invalid.  Mr. McGee maintains that his recently recovered transcripts from these cases demonstrate that these convictions "were not constitutionally valid at the time of the commencement of the instant offense."  Aplt's Br. at 3.  He contends that these convictions are invalid under

---

[2] Under § 4B1.2(b), a "'controlled substance offense' means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense."

-4-

*Boykin v. Alabama*, 395 U.S. 238, 242 (1969), which holds that the Due Process Clause of the Fourteenth Amendment requires that guilty pleas be entered into knowingly and voluntarily. Mr. McGee thus requests a stay so that he may review and exhaust his claims attacking his 1988 and 1990 convictions in state court.

We agree with the district court that Mr. McGee did not receive ineffective assistance of counsel because he was properly classified as a career offender. To the extent Mr. McGee raises new issues, such as the request for a stay, we decline to consider those issues because they were not presented to the district court. *See United States v. Cook*, 997 F.2d 1312, 1316 n.4 (10th Cir. 1993) (issues not raised in § 2255 motion to district court deemed waived). Moreover, "with the exception of a collateral attack based on the complete denial of counsel, a district court sentencing a defendant under the career offender provisions of the Guidelines cannot consider a collateral attack on a prior conviction." *United States v. Garcia*, 42 F.3d 573, 581 (10th Cir. 1994); *see also* U.S.S.G. § 4A1.2, cmt., n.6 ("With respect to the current sentencing proceeding, this guideline and commentary do not confer upon the defendant any right to attack collaterally a prior conviction or sentence beyond any such rights otherwise recognized in law. . . .").

## III. CONCLUSION

Accordingly, we DENY Mr. McGee's request for a COA and DISMISS this matter.

Entered for the Court,
ELISABETH A. SHUMAKER, Clerk


By:
  Deputy Clerk