FILED
United States Court of Appeals
Tenth Circuit

September 8, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

MALCOM DEROME MCGEE,

     Defendant - Appellant.

No. 15-5063
(D.C. Nos. 4:15-CV-00293-CVE-FHM &
4:00-CR-00105-CVE-1)
(N.D. Okla.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **TYMKOVICH**, **PHILLIPS**, and **MORITZ**, Circuit Judges.

---

Malcom Derome McGee, a federal prisoner proceeding pro se, seeks to appeal

the district court's dismissal of his 28 U.S.C. § 2255 motion to vacate, set aside, or

correct his sentence. The court dismissed McGee's motion for lack of jurisdiction,

construing it as an unauthorized second or successive § 2255 motion. We deny a

certificate of appealability ("COA") and dismiss this proceeding.

**I.     Background**

A jury found McGee guilty on three counts: Count 1, conspiring to possess

PCP, in violation of 21 U.S.C. § 846; Count 2, causing another person to unlawfully

---

[*]     This order is not binding precedent except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

possess with intent to distribute PCP, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(iv), and 18 U.S.C. § 2(b); and Count 3, using a communication facility to facilitate the commission of a felony, in violation of 21 U.S.C. § 843(b). *See United States v. McGee*, 245 F. App'x 857, 858 (10th Cir. 2007). The district court granted McGee's motion to arrest judgment as to Count 1. *See id.* The court ultimately sentenced him to life imprisonment on Count 2 and 96 months' imprisonment on Count 3.[1] *See id.* at 858-59.

McGee filed a § 2255 motion in 2003. The district court denied relief, and this court denied his application for a COA and dismissed his appeal. *See id.* at 858. In 2013, McGee filed a Fed. R. Civ. P. 60(d) motion in his criminal case. The district court construed that motion as an unauthorized second or successive § 2255 motion and dismissed it for lack of jurisdiction.

McGee filed another § 2255 motion in 2015. He argued that motion was not a second or successive § 2255 motion under this court's reasoning in *In re Weathersby*, 717 F.3d 1108 (10th Cir. 2013) (per curiam). The district court construed the motion as second or successive and unauthorized and dismissed it for lack of jurisdiction. The court also denied McGee's motion for reconsideration. McGee filed a notice of appeal. He has also filed in this court a Motion for Summary Reversal and Remand and a Motion for Leave to Proceed on Appeal Without Prepayment of Costs or Fees.

---

[1] On direct appeal, we reversed McGee's original 56-year sentence on Count 3, and the district court imposed the 96-month sentence on remand. *See McGee*, 245 F. App'x at 859.

**II. Discussion**

**A. Standard of Review**

McGee must obtain a COA to pursue an appeal. *See United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008); *see also* 28 U.S.C. § 2253(c). Because the district court's ruling rests on procedural grounds, he must show both "that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added).

In his opening brief, which is captioned Combined Opening Brief and Application for a Certificate of Appealability, McGee fails to acknowledge the necessity of obtaining a COA before this court can consider the merits of his appeal. He argues instead that, because his motion is not a second or successive § 2255 motion, we should summarily reverse the dismissal and remand to the district court. But we explained in *Harper*, "[T]he district court's dismissal of an unauthorized § 2255 motion is a 'final order in a proceeding under section 2255' such that § 2253 requires petitioner to obtain a COA before he or she may appeal." 545 F.3d at 1233 (quoting 28 U.S.C. § 2253(c)(1)(B)).

We will nonetheless liberally construe McGee's pro se opening brief as seeking a COA. *See Hall v. Scott*, 292 F.3d 1264, 1266 (10th Cir. 2002). We conclude that McGee satisfies one, but not *both,* parts of the *Slack* test.

**B.      McGee's § 2255 Claim**

McGee alleged in his most recent § 2255 motion that his life sentence on Count 2 was based on two prior state-court convictions for felony drug offenses. Under 21 U.S.C. § 841, if a person violates subsection (a) "after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment without release."  21 U.S.C. § 841(b)(1)(A).  McGee claimed that, after his original § 2255 proceedings became final in 2007, the state court in 2015 amended nunc pro tunc the judgment in one of his prior drug convictions, reducing that conviction from a felony to a misdemeanor. *See* R. at 53-54.  He maintained that, without this second felony drug conviction, a life sentence under § 841 was no longer mandatory.

McGee noted that, under *Johnson v. United States*, "a defendant given a sentence enhanced for a prior conviction is entitled to a reduction if the earlier conviction is vacated," 544 U.S. 295, 303 (2005).  *Johnson* held "that a prisoner could proceed under § 2255 after successful review of the prior state conviction on federal habeas under § 2254 or favorable resort to any postconviction process available under state law."  *Id.* at 304; *see also Custis v. United States*, 511 U.S. 485, 497 (1994) (recognizing that a defendant who has successfully attacked state sentences either in state court or in federal habeas review could "then apply for reopening of any federal sentence enhanced by the state sentences"); *United States v. Cox*, 83 F.3d 336, 339 (10th Cir. 1996) ("If a defendant successfully attacks state

sentences, he may then apply for reopening of any federal sentence enhanced by the state sentences.").

McGee argued further that relief in the form of a sentence reduction was not available to him until the state court amended his felony drug conviction, reducing it to a misdemeanor. Citing *In re Weathersby*, 717 F.3d at 1110-11, McGee contended that his § 2255 motion was not second or successive, and he therefore did not need this court's authorization to file that motion.

## C.     Jurists of Reason Would Debate the Correctness of the District Court's Procedural Ruling

Addressing the second part of the *Slack* test, we conclude that jurists of reason would debate the correctness of the district court's procedural ruling in this case. Having already filed a first § 2255 motion, McGee ordinarily must obtain this court's authorization to file a second or successive motion. *See* 28 U.S.C. §§ 2255(h), 2244(b)(3). But here, it is debatable whether McGee required our authorization to file his latest § 2255 motion.

In *In re Weathersby*, the defendant sought this court's authorization to file a second or successive § 2255 motion. 717 F.3d at 1109. He alleged that, after he filed his first § 2255 motion, six state convictions used in calculating his federal sentence had been expunged. *Id.* We dismissed Weathersby's motion for authorization as unnecessary, holding that the § 2255 motion he sought to file was not second or successive under § 2255(h). *Id.* We reasoned that "relief under § 2255 is not available until the state conviction used to enhance the federal sentence is

- 5 -

vacated," because "[i]t is the fact of the state court vacatur that gives rise to the federal claim." *Id.* at 1110. Therefore, if the prisoner's state convictions were vacated after the proceedings on his first § 2255 motion became final, then a claim to reopen a federal sentence based on the vacatur is not second or successive and does not require this court's prior authorization. *Id.* at 1111.

McGee's sentence-reduction claim in his most recent § 2255 motion is based on a state-court amended judgment entered in 2015 that did not exist until after his original § 2255 proceedings became final. Therefore, whatever the merits of his claim,[2] it was not ripe at the time he filed his first § 2255 motion. *See id.* Thus, it is debatable whether the district court was correct in dismissing McGee's § 2255 motion as an unauthorized second or successive motion.[3]

---

[2]     In concluding that the claim in *In re Weathersby* was not a second or successive § 2255 claim, we expressed no opinion on whether it was timely or had any merit. 717 F.3d at 1111.

[3]     Courts must liberally construe pro se § 2255 motions. *See United States v. Lee Vang Lor*, 706 F.3d 1252, 1256 (10th Cir. 2013) (construing pro se § 2255 motion liberally). Here, McGee's § 2255 motion alleged a sentence-reduction claim based on a state-court judgment that was amended in 2015. In his Motion to Entertain his Accompanying Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255, McGee argued that his § 2255 motion was not second or successive under *In re Weathersby*. But in its order dismissing the motion for lack of jurisdiction, the district court did not address that contention. In his motion for reconsideration, McGee argued that the district court had overlooked his contention that the district court had jurisdiction to entertain his § 2255 motion under the reasoning in *In re Weathersby*. The district court denied that motion, once again failing to discuss McGee's contention.

**D.    Jurists of Reason Would Not Debate That McGee's § 2255 Motion Fails to State a Valid Claim of the Denial of a Constitutional Right**

To obtain a COA, McGee must *also* establish that jurists of reason would find it debatable whether his § 2255 motion states a valid claim of the denial of a constitutional right. *See Slack*, 529 U.S. at 484. On this issue, "our review is limited. We will only take a 'quick' look at the [§ 2255 motion] to determine whether [McGee] has facially alleged the denial of a constitutional right." *Gibson v. Klinger*, 232 F.3d 799, 803 (10th Cir. 2000) (internal quotation marks and brackets omitted). We may not issue a COA if McGee alleges only a violation of federal law. *See United States v. Gordon*, 172 F.3d 753, 754 (10th Cir. 1999) (holding court could not issue COA on defendant's non-constitutional federal claims). While a non-constitutional sentencing issue may be a proper basis for relief in the district court, such a claim does not support issuance of a COA, because it fails to assert the denial of a constitutional right. *See id.* (noting statute "differentiate[s] between the type of [motion] that can be filed and the type that can be appealed").

McGee does not contend that his claim to reopen his federal sentence rests on the denial of a constitutional right. We conclude that his § 2255 motion alleges only a *non*-constitutional sentencing issue. McGee asserted that a successful state voter initiative reclassified offenses involving possession of small amounts of certain controlled substances as misdemeanors rather than felonies. *See* R. at 47 (citing Cal. Health & Safety Code § 11350 (amended eff. Nov. 5, 2014)). He claimed that the same voter initiative enacted a statute under which he successfully petitioned to

- 7 -

reduce his conviction from a felony to a misdemeanor. *See id.* (citing Cal. Penal Code § 1170.18(f)). McGee's § 2255 motion further asserted that, as a result of his amended state-court judgment, he does not have two predicate felony drug convictions requiring a mandatory life sentence under 21 U.S.C. § 841. *See* R. at 47. His claim is therefore based on the construction and application of § 841 and consequently does not satisfy the second prong of the *Slack* test. *See Gordon*, 172 F.3d at 754 (recognizing "that [28 U.S.C.] § 2253(c)(2) does not permit a COA to issue on a purely statutory claim").

## III.  Conclusion

We conclude that jurists of reason would not debate that McGee's § 2255 motion fails to state a valid claim of the denial of a constitutional right. Accordingly, we deny his application for a COA and dismiss the appeal. We deny McGee's Motion for Summary Reversal and Remand, but grant his Motion for Leave to Proceed on Appeal Without Prepayment of Costs or Fees.

Entered for the Court

*Elisabeth A. Shumaker*

ELISABETH A. SHUMAKER, Clerk
