UNITED STATES of America,
Plaintiff-Appellee,

v.

Virgil HOWARD, Alan Kluger, and Albert Schrager, Defendants-Appellants.

Nos. 83–1456, 83–1461 and 83–1506.

United States Court of Appeals,
Tenth Circuit.

Dec. 27, 1984.

Vicki Mandell-King, Asst. Federal Public Defender, Denver, Colo. (Michael G. Katz, Federal Public Defender, Denver, Colo., with her on brief), for defendant-appellant Virgil Howard.

Patrick J. Burke of Renner, Rodman & Burke, Denver, Colo., for defendant-appellant Alan Kluger.

J. Terry Wiggins, Denver, Colo., for defendant-appellant Albert Schrager.

Charles H. Torres, Asst. U.S. Atty., Dist. of Colo., Denver, Colo. (Robert N. Miller, U.S. Atty., Denver, Colo., with him on brief), for plaintiff-appellee.

Before McKAY, McWILLIAMS and LOGAN, Circuit Judges.

McKAY, Circuit Judge.

Messrs. Schrager, Howard, and Kluger were indicted along with Messrs. D'Huyssee and Darden under a five-count indictment alleging that they participated in a scheme and artifice to defraud and obtained money or property by means of false and fraudulent pretenses, representations and promises in violation of 18 U.S.C. §§ 2, 1343, and 2314.

The indictment alleged that the defendants made a series of misrepresentations to their American clients, inducing them to pay money in exchange for defendants' promises to help them obtain financing for their various business deals. Specifically, the indictment alleged that the defendants made, among others, the following misrepresentations: that Mr. Howard was a money broker associated with Mr. Schrager who could arrange immediate financing through European sources; that Mr. Schrager was involved with the United Nations, was Director of the World Health Organization, and was a person of international renown; that Messrs. Schrager and Kluger were representatives of the University of Antigua, an institute of international medical education; and that Mr. Schrager had presented many loan proposals to European banks and had established excellent relationships with those banks. The indictment also alleged that Mr. Darden represented himself as an attorney for the Figebel Bank in Belgium.

The indictment alleged, among others, the following specific facts: that the defendants induced a client to travel in interstate commerce from Kansas to Colorado with money or property having a value of $5,000 or more; that defendants transmitted or caused to be transmitted wire transfers of $25,000 and $38,000 from banks in Colorado to a bank in New York; and that defendants on two occasions made interstate or international telephone calls in the furtherance of the scheme or artifice to defraud.

The three American defendants—Messrs. Howard, Kluger and Schrager—were tried and convicted on four of the five counts. After their trial but before their appeal Mr. D'Huysee was tried, his case having been severed due to problems with his extradition. Mr. Darden was granted immunity for agreeing to testify in Mr. D'Huysee's trial.

The testimony of Mr. Darden was presented as evidence in Mr. D'Huysee's trial. Mr. Darden's testimony showed that Mr. D'Huysee had no knowledge of the fraudulent representations that had taken place in America and no knowledge of the inducements which had been made to get the clients to Europe. Accordingly, the trial court ruled that a fatal variance existed between the indictment and the evidence

produced at Mr. D'Huysee's trial and that, although Mr. D'Huysee had been engaged in a scheme to defraud the clients after they arrived in Europe, his scheme was independent of the one devised and operated by defendants Schrager, Howard and Kluger to defraud the clients on this side of the Atlantic.

■ On appeal the defendants seek to use the evidence adduced at Mr. D'Huysee's trial and the court's ruling in that case to support a claim of fatal variance between the indictment and the evidence produced at their trial. In essence they argue that while only one scheme to defraud was alleged in the indictment, two were proved. Their attempted reliance on the evidence presented in Mr. D'Huysee's later trial is misplaced. The question of fatal variance must be judged on the record as it stood at the end of the evidence in the defendants' own trial. An examination of that evidence, even as it is characterized in the briefs on appeal, makes clear that the government's proof coincided with the scheme alleged. Since there was no variance, we need not reach the question of whether the issue must be preserved by proper objection in order to be raised on appeal.

■ In addition to the variance problem, defendants Kluger and Howard claim that the acquittal of Mr. D'Huysee was an inconsistent acquittal of a codefendant that requires reversal of their own convictions. Their argument must fail for two reasons. First, there is no inconsistency between Mr. D'Huysee's acquittal and the convictions of the three American defendants. Mr. D'Huysee's acquittal was based on the government's failure, in his trial, to show a connection between him and the American scheme whereas Messrs. Howard, Kluger and Schrager were convicted on the basis of evidence that showed their connection to the American scheme. Second, acquittal of coconspirators requires a defendant's acquittal only where all of the alleged coconspirators are acquitted. *See Romontio v. United States,* 400 F.2d 618, 619 (10th Cir.

1968), *cert. dismissed,* 402 U.S. 903, 91 S.Ct. 1384, 28 L.Ed.2d 643 (1971). In this case, even assuming the coconspirator rule applies to cases where no conspiracy is charged, defendants Schrager, Howard and Kluger were convicted. The fact that Mr. D'Huysee was acquitted does not require reversal of the defendants' convictions.

■ Defendants Kluger and Howard also claim that they were denied the opportunity to cross-examine certain witnesses who presented evidence detrimental to their defense. While it is true that the trial court did restrict the defendants' right to cross-examine witnesses whose testimony was not being admitted against them, the defendants failed to show that they were denied the right to cross-examine witnesses whose testimony was actually prejudicial to them. Indeed, the record fails to show any attempt on their part to cross-examine the witnesses whose testimony they now claim was prejudicial. At trial, after the court had ruled that a witness' testimony was being introduced only against defendant Mr. Schrager, the court instructed Mr. Howard's counsel that he could cross-examine the witness on points he felt were prejudicial to his client, even though the testimony was not being offered against him. Record, vol. 15, p. 10. Later in the trial, the court reaffirmed its willingness to allow cross-examination of any witness whose testimony was considered prejudicial. Record, vol. 27, at 31. The sixth amendment right to confrontation is not denied simply because the prosecution is permitted to examine a witness who the defense declines for tactical reasons to cross-examine. *United States v. Hines,* 696 F.2d 722, 731 (10th Cir.1982). Therefore, we find no denial of the defendants' right to confrontation.

Defendants Kluger and Schrager further allege that the court improperly admitted hearsay evidence against them on an agency theory, thereby denying them the procedural safeguards set forth in *United States v. Andrews,* 585 F.2d 961 (10th Cir.

1978). The court ruled that the alleged hearsay statements were statements by the defendants' agents and thus admissible under Federal Rule of Evidence 801(d)(2). We need not decide whether the *Andrews* procedure applies to the admission of agents' statements, however, since the statements to which defendants object are not hearsay.

 An out-of-court statement is hearsay only when offered to prove the matter asserted. The statements admitted by the trial court were fraudulent inducements made by several of the defendants to get the victims to part with their property. *See, e.g.,* Record, vol. 2, at 34, vol. 27, at 29–30. Obviously, evidence of those statements was not offered to prove the matter asserted. Thus the testimony was not hearsay, and it was not error for the court to admit the evidence and leave to the jury the question of whether the declarant was acting as the defendants' agent in making the statements. 18 U.S.C. § 2.

Finally, we find that the trial court did not abuse its discretion in denying a severance to each of the defendants. Inasmuch as severance is a matter of discretion and not of right, a defendant bears the heavy burden of showing real prejudice to his case. *United States v. Petersen,* 611 F.2d 1313, 1331 (10th Cir.1979), *cert. denied,* 447 U.S. 905, 100 S.Ct. 2985, 64 L.Ed.2d 854 (1980). He must show more than that he would have had a better chance of acquittal if he had been given a separate trial. *United States v. Neal,* 692 F.2d 1296, 1305 (10th Cir.1982). Defendants point to no prejudice other than the effect of cumulative evidence to support their claim that the court abused its discretion. Standing alone, that is not enough. Because there is sufficient evidence in the record to support the jury's verdict as to each of the defendants, we find that the court did not abuse its discretion in denying severance.

AFFIRMED.