FILED
United States Court of Appeals
Tenth Circuit

February 3, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

ROBERT ESKRIDGE,

    Defendant-Appellant.

No. 08-5144
(D.C. Nos. 4:04-CV-00156-TCK and
4:99-CR-00020-TCK-7)
(N.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **O'BRIEN**, **EBEL**, and **GORSUCH**, Circuit Judges.

Robert Eskridge ("Eskridge"), a federal prisoner appearing pro se, applies

for a certificate of appealability ("COA") in order to appeal the district court's

denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence.

Exercising jurisdiction under 28 U.S.C. § 2253, we deny a COA and dismiss

Eskridge's appeal.

I.    Procedural background

On September 21, 1999, a federal jury convicted Eskridge of conspiracy to

distribute various controlled substances, in violation of 21 U.S.C. § 846, and of

_____

[*] This order is not binding precedent except under the doctrines of law of
the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

continuing criminal enterprise ("CCE"), in violation of 21 U.S.C. § 848. Eskridge was sentenced to 420 months' imprisonment on the conspiracy count and 30 years' imprisonment on the CCE count, with those sentences to run concurrently. On direct appeal to this Court, Eskridge argued that the district court had erred in admitting certain testimony that Eskridge believed was hearsay, and by admitting certain expert testimony. We affirmed Eskridge's conviction on July 3, 2001, but later granted Eskridge's petition for rehearing as to the conspiracy conviction. On remand, the district court vacated the conspiracy conviction and sentence and dismissed the conspiracy charge against Eskridge, leaving the CCE conviction and sentence untouched.

The Supreme Court denied Eskridge's petition for certiorari on June 2, 2003, and Eskridge filed his § 2255 motion on March 1, 2004. In that motion, Eskridge raised four claims: (1) that he was broadly denied effective assistance of counsel at trial, at sentencing, and on appeal; (2) that the Government committed a variance by allowing into evidence facts about a trip from California to Oklahoma; (3) that the evidence showed several conspiracies rather than the single broad conspiracy charged in the indictment; and (4) that the district court erred when it told the jury not to guess or speculate as to the disposition of the conspiracy charge against Eskridge's co-defendant Sidney Iiland. (R. doc. #614 at 4-5.) In a thorough and well-reasoned opinion and order, the district court denied Eskridge's § 2255 motion on August 21, 2008. The district court later

granted Eskridge's motion to proceed in forma pauperis on appeal, but denied his application for COA. This appeal followed.

## II.    Standard for issuance of COA

"A COA is a jurisdictional prerequisite to our review." Clark v. Oklahoma, 468 F.3d 711, 713 (10th Cir. 2006) (citing Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)). We will issue a COA "only 'if the applicant has made a substantial showing of the denial of a constitutional right.'" United States v. Silva, 430 F.3d 1096, 1100 (10th Cir. 2005) (quoting 28 U.S.C. § 2253(c)(2)). "To make this showing, [Eskridge] must establish that 'reasonable jurists could debate whether . . . the petition should have been resolved by the district court in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" Clark, 468 F.3d at 713 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000) (alteration omitted)).

## III.    Discussion

Because Eskridge's § 2255 motion and application for COA are pro se, we construe them liberally. See Hall v. Scott, 292 F.3d 1264, 1266 (10th Cir. 2002) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).

Before this Court, Eskridge requests COAs on a variety of issues introduced under his claims of ineffective assistance of trial counsel and appellate counsel. (Aplt. Br. at 1.) After a careful review of the record and the relevant caselaw, and for substantially the reasons given in the district court's excellent

opinion and order, we conclude that those claims lack merit, and that Eskridge

has not made a "substantial showing of the denial of [the] constitutional right,"

Silva, 430 F.3d at 1100, to effective assistance of counsel.[1]

IV.    Conclusion

For the foregoing reasons, we DENY Eskridge's request for a certificate of

appealability and DISMISS his appeal.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge

---

[1]The district court also held that a number of issues raised in Eskridge's
§ 2255 motion were procedurally barred because they were not raised on direct
appeal, and Eskridge has not requested a COA as to that holding.  (See Dist. Ct.
Op. at 15-17, citing United States v. Frady, 456 U.S. 152, 166-69 & n.15 (1982);
United States v. Warner, 23 F.3d 287, 291 (10th Cir. 1994); United States v.
Cook, 45 F.3d 388, 392 (10th Cir. 1995).)