FILED
United States Court of Appeals
Tenth Circuit

November 22, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

   Plaintiff - Appellee,

v.

ROBERT EDWIN ESKRIDGE,

   Defendant - Appellant.

No. 11-5069
(D.C. No. 4:99-CR-00020-TCK-7)
(N.D. Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.

A jury in the United States District Court for the Northern District of

Oklahoma found Defendant Robert Eskridge guilty on two charges: (1)

conspiracy to distribute controlled substances, *see* 21 U.S.C. § 846 (Count 1), and

(2) engaging in a continuing criminal enterprise, *see id.* § 848 (Count 13). He

was sentenced to 420 months' imprisonment on each count, the sentences to run

concurrently. On remand after appeal, the conviction of conspiracy (Count 1) was

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

vacated on the ground that it is a lesser-included offense of engaging in a continuous criminal enterprise (Count 13).

Defendant then filed in district court the motion at issue on this appeal, a Motion to Clarify and/or Correct Judgment and Sentence. He asserted that his sentence on Count 13 was 30 years, not 420 months. He relied on a statement in this court's order denying his request for a certificate of appealability to enable him to appeal the denial by the district court of a motion he had filed under 28 U.S.C. § 2255. *See United States v. Eskridge*, 309 F. App'x 282, 283 (10th Cir. 2009). Our error was apparently based on a district-court docket entry describing Defendant's sentence as 420 months on Count 1 and 30 years on Count 13.

The district court ruled that its sentence on Count 13 had been 420 months. That is the sentence reflected in the transcript of Defendant's sentencing hearing and the district court's original judgment. The court entered an amended judgment stating Defendant's sentence as 420 months on Count 13.

Defendant appeals the district court's ruling. But his ground is a new one. He now argues only that his base offense level was calculated incorrectly at his original sentencing. We do not consider arguments raised for the first time on appeal. *See United States v. Cook*, 997 F.2d 1312, 1316 (10th Cir. 1993) (grounds for relief not raised in district court are waived).

We AFFIRM the district court's order.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge