**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 7, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff–Appellee, | No. 12-3157 |
| v. | (D.C. No. 2:06-CR-20153-CM-1) |
| IVORY ROBINSON, | (D. Kansas) |
| Defendant–Appellant. | |

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, Chief Judge, **McKAY** and **HOLMES**, Circuit Judges.

---

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore ordered submitted without oral argument.

Defendant Ivory Robinson appeals from the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a reduction in sentence. In 2008, Defendant pled guilty to one count of being a felon in possession of a firearm and one count of possession with intent to distribute five grams or more of cocaine base within 1000 feet of a school. Because Defendant possessed both cocaine and marijuana, his offense level for the drug count was

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

calculated using the drug equivalency tables contained in the commentary to U.S.S.G. § 2D1.1. At the time of his original sentencing, one gram of crack cocaine was treated as the equivalent of twenty kilograms of marijuana, and the 32.31 grams of cocaine base attributed to Defendant were thus converted to 646.2 kilograms of marijuana. *See* U.S.S.G. § 2D1.1, cmt. n.10(E) (2008). Combined with the amount of marijuana attributed to Defendant—391.3 grams—this resulted in a total marijuana equivalency of 646.59 kilograms, which carried an offense level of twenty-eight. However, Application Note 10(D) in the commentary provided this offense level should be reduced by two levels because the offense involved cocaine base and another controlled substance. *See* U.S.S.G. § 2D1.1, cmt. n. 10(D)(i) (2008). Thus, Defendant's offense level under U.S.S.G. § 2D1.1(c) was calculated at twenty-six. This level was increased by two based on Defendant's possession of a revolver, increased by two because it occurred near a protected location (an elementary school), and decreased by two because of Defendant's acceptance of responsibility, resulting in a total offense level of twenty-eight. Combined with Defendant's criminal history category of III, this resulted in an advisory sentencing range of 97-121 months.[1] The court imposed a within-range sentence of 110 months.

The United States Sentencing Commission subsequently revised several sections of the guidelines relating to crack cocaine offenses. Defendant then filed a motion for relief under § 3852(c)(2) in which he argued, inter alia, that these revisions resulted in a

---

[1] Because the offense level for the drug count was higher than the offense level for the firearm count, it was the controlling level. *See* U.S.S.G. § 3D1.3(a) (2008).

-2-

new total offense level of twenty-six. However, the district court concluded that Defendant's total offense level remained twenty-eight, and the court thus held that Defendant was not entitled to relief under § 3582(c). *See* U.S.S.G. § 1B1.10(a)(2) (providing that a sentence reduction "is not authorized under 18 U.S.C. § 3582(c)(2) if . . . (B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range").

On appeal, Defendant first challenges certain determinations made by the original sentencing court regarding the amount of cocaine base and narcotics involving a protected location that should be attributed to Defendant. These challenges fall outside the scope of the proceeding authorized by § 3582(c)(2), *see Dillon v. United States*, 130 S. Ct. 2683, 2694 (2010), and thus fail to state a valid claim for relief under § 3582(c)(2).

Defendant also argues he is entitled to § 3582(c)(2) relief based on the amendments to the sentencing guidelines. The government agrees and suggests the district court may have erred in calculating Defendant's revised offense level under U.S.S.G. § 2D1.1. However, we see no error in the district court's calculation.

In Amendment 750, the Sentencing Commission revised the drug equivalency tables in the commentary to § 2D1.1 so that one gram of cocaine is now treated as the equivalent of 3571 grams, not 20 kilograms, of marijuana. Thus, the 32.31 grams of cocaine attributed to Defendant are now considered equivalent to approximately 115 kilograms of marijuana. Combined with the marijuana attributed to Defendant, this carries a base offense level of twenty-six. The government suggests that, as in the

original sentencing, the district court should again have reduced this base offense level by two levels because it involved both crack cocaine and another controlled substance. However, as part of its amendments to the crack cocaine guidelines, the Sentencing Commission "delete[d] the special rules in [former] Note 10(D) for cases involving crack cocaine and one or more other controlled substances." U.S.S.G. app. C, amend. 750. Based on the deletion of this application note, Defendant's base offense level under U.S.S.G. § 2D1.1(c) remains at level twenty-six, and his total offense level is unchanged.

Because the revisions to the guidelines did not have the effect of lowering Defendant's applicable sentencing range, the district court correctly held that Defendant was not eligible for relief under § 3582(c)(2). We accordingly **AFFIRM** the district court's ruling. Defendant's request for initial en banc consideration is **DENIED**.

Entered for the Court

Monroe G. McKay
Circuit Judge