FILED
United States Court of Appeals
Tenth Circuit

September 20, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

v.

ROBERT ESKRIDGE,

        Defendant-Appellant.

No. 13-5086
(D.C. Nos. 4:12-CV-00314-TCK-PJC &
4:99-CR-00020-TCK-7)
(N.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY AND DISMISSING REQUEST FOR AUTHORIZATION UNDER 28 U.S.C. § 2255(h)**[*]

Before **TYMKOVICH**, **MATHESON**, and **PHILLIPS**, Circuit Judges.

Robert Eskridge, a federal prisoner proceeding pro se, seeks to appeal the district court's dismissal of his 28 U.S.C. § 2255 motion as an unauthorized second or successive § 2255 motion. In the alternative, he seeks this court's authorization to proceed with a second or successive § 2255 claim. *See* 28 U.S.C. § 2255(h). We deny a certificate of appealability (COA) and dismiss the request for authorization as unnecessary.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

### *Background*

Eskridge was convicted in 1999 of engaging in a conspiracy to possess with intent to distribute controlled substances in violation of 21 U.S.C. § 846 and engaging in a continuing criminal enterprise (CCE) in violation of 21 U.S.C. § 848. In 2003 the district court vacated the conspiracy conviction and sentence, but left untouched the CCE conviction and sentence. *See United States v. Eskridge*, 309 F. App'x 282, 283 (10th Cir. 2009). Eskridge later unsuccessfully sought relief under § 2255. *See id.* at 283-84 (denying a COA to appeal denial of § 2255 motion). In 2011, this court denied him authorization to bring two second or successive § 2255 claims. *See In re Eskridge*, No. 11-5082 (10th Cir. July 7, 2011) (unpublished order).

In June 2012, Eskridge filed in the district court a new § 2255 motion that contained three claims. On appeal he explicitly abandons the first two claims, which were the same claims that this court declined to authorize in 2011. For purposes of this appeal, then, only the third claim remains relevant. That claim was that the dismissal of conspiracy and continuing criminal enterprise charges against codefendants John Torrence and Orlando Lynn Mackey "created a variance which renders the CCE conviction non-existant [sic], and therefore [Eskridge] is actually innocent of the CCE conviction." R. at 139.

The district court dismissed the motion as an unauthorized second or successive § 2255 motion. It also held that a transfer was not in the interest of justice under 28 U.S.C. § 1631 because (1) this court had already denied Eskridge

authorization to pursue the first two claims, and (2) "[t]he third ground for relief, which raises an illegal variance, is not based upon any newly discovered evidence or new rule of law and is clearly untimely," so "the Court ha[d] no reason to believe that the Tenth Circuit would grant authorization," R. at 284.

### *Certificate of Appealability*

To appeal, Eskridge must secure a COA. *See United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008). To do so, he must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Relying on *Panetti v. Quarterman*, 551 U.S. 930 (2007), Eskridge argues that his third claim was not successive because the factual basis for his claims did not exist when he filed his first § 2255 motion. "In *Panetti*, the Supreme Court concluded that a claim that was not ripe at the time the state prisoner filed his first federal habeas petition would not be considered 'second or successive' under [28 U.S.C.] § 2244(b) if the petitioner asserted the claim in a later habeas petition once it became ripe." *In re Weathersby*, 717 F.3d 1108, 1110 (10th Cir. 2013).

Even accepting that the claim did not arise until after Eskridge had filed his earlier § 2255 motion, and that therefore the district court erred in its procedural ruling, Eskridge still must show that reasonable jurists "would find it debatable

- 3 -

whether the petition states a valid claim of the denial of a constitutional right."

*Slack*, 529 U.S. at 484. This he cannot do. He contends that the dismissal of the

charges makes the conspiracy (upon which the CCE conviction is predicated)

non-existent. But the dismissal of charges against Torrence and Mackey does not

mean that there was no conspiracy or that Eskridge could not be held liable for

engaging in a CCE. *See United States v. Coppola*, 526 F.2d 764, 776 (10th Cir.

1975). As a matter of law, the dismissal of charges against a coconspirator does

nothing to undermine another defendant's conspiracy conviction. *See id.*; *see also*

*United States v. Rozin*, 664 F.3d 1052, 1066 (6th Cir. 2012); *United States v.*

*Mejia-Mesa*, 153 F.3d 925, 930 (9th Cir. 1998); *United States v. Dakins*, 872 F.2d

1061, 1065 (D.C. Cir. 1989); *United States v. Sasser*, 974 F.2d 1544, 1560 (10th Cir.

1992); *United States v. Kreimes*, 649 F.2d 1185, 1193 (5th Cir. 1981). Further, to the

extent that Eskridge is claiming that the dismissals created a variance, this court has

held that a defendant cannot rely on subsequently adduced evidence to prove a

variance: "The question of fatal variance must be judged on the record as it stood at

the end of the evidence in the defendants' own trial." *United States v. Howard*,

751 F.2d 336, 338 (10th Cir. 1984).

Eskridge also contends that the district court should have transferred the

motion to this court rather than dismissing it. But although the district court *may*

transfer a second or successive § 2255 motion to this court, it is not *required* to do

so. *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (per curiam). The district

court evaluated the appropriate factors in considering whether a transfer would be in the interest of justice. *See id.* at 1251-52. No reasonable jurist could conclude that the district court was required to transfer the § 2255 motion rather than to dismiss it.

For these reasons, Eskridge's application for a COA is denied.

### *Request for Authorization*

Eskridge alternatively requests authorization under § 2255(h) to file his third claim. Because the claim did not exist until after Eskridge had pursued relief under § 2255, this court's authorization is not necessary. *See Panetti*, 551 U.S. at 943-47; *Weathersby*, 717 F.3d at 1110-11.

Eskridge's request for a COA is denied, and his alternative request for authorization to file a successive § 2255 motion is dismissed as unnecessary.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk