**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 21, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ROBERT EDWIN ESKRIDGE,

Defendant - Appellant.

No. 17-5092
(D.C. No. 4:99-CR-00020-TCK-7)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **MATHESON**, **KELLY**, and **MURPHY**, Circuit Judges.

After examining the briefs and the appellate record, this court has

determined unanimously that oral argument would not materially assist the

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

Accordingly, the case is ordered submitted without oral argument.

Proceeding *pro se*, Robert Edwin Eskridge appeals the district court's

dismissal of the Motion for Reduction of Sentence he filed pursuant to 18 U.S.C.

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

§ 3582(c)(2).[1]  In 1999, Eskridge was convicted of conspiracy to distribute controlled substances, in violation of 21 U.S.C. § 846, and of continuing criminal enterprise, in violation of 21 U.S.C. § 848.  *United States v. Eskridge*, 309 F. App'x 282, 283 (10th Cir. 2009).  Although his conspiracy conviction was subsequently vacated, his continuing criminal enterprise conviction and accompanying 420-month sentence was affirmed.  *Id*.  In 2014, however, Eskridge's sentence was reduced to 330 months, based on Amendment 782 to the Sentencing Guidelines.

In the § 3582(c)(2) motion that is the subject of this appeal, Eskridge asked the district court to further reduce his sentence based on Amendment 750 and the Fair Sentencing Act of 2010.  *See United States v. Robinson*, 506 F. App'x 840, 841 (10th Cir. 2013) ("In Amendment 750, the Sentencing Commission revised the drug equivalency tables in the commentary to § 2D1.1 so that one gram of [crack] cocaine is now treated as the equivalent of 3571 grams, not 20 kilograms, of marijuana.").  The district court dismissed Eskridge's motion for lack of jurisdiction, concluding a reduction in his sentence was not authorized under 18 U.S.C. § 3582(c)(2) because Amendment 750 does not have the effect of lowering his offense level or his advisory guidelines range.  *See* 18 U.S.C. § 3582(c)(2) (providing a court may only modify a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that

_____

[1]Eskridge's motion to proceed *in forma pauperis* on appeal is **granted**.

has subsequently been lowered by the Sentencing Commission" if the "reduction is consistent with applicable policy statements issued by the Sentencing Commission"). Eskridge appeals.

This court reviews a district court's decision whether to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2) for abuse of discretion. *United States v. Dorrough*, 84 F.3d 1309, 1311 (10th Cir. 1996). When a district court's decision involves a legal interpretation, the review is de novo. *United States v. Todd*, 515 F.3d 1128, 1135 (10th Cir. 2008). Here, the district court concluded it lacked statutory authority to reduce Eskridge's sentence because Amendment 750 did not lower his advisory guidelines range. *See* 18 U.S.C. § 3582(c)(2); *see also* USSG § 1B1.10(a)(2)(B) (providing a reduction in a defendant's sentence is not authorized pursuant to § 3582(c)(2) if the Amendment 750 "does not have the effect of lowering the defendant's applicable guideline range").

Eskridge argues the district court erred when it calculated the effect Amendment 750 had on his offense level because it failed to consider the prior reduction in his sentence pursuant to Amendment 782. We have considered this argument and conclude it lacks merit. When the district court recalculated Eskridge's base offense level under Amendment 750, it used the current drug quantity table in USSG § 2D1.1(c). That table is based on changes made by

Amendment 782. Thus, the court's calculation necessarily incorporated both Amendments.[2]

Eskridge also argues, for the first time on appeal, that the district court erred when it calculated his offense level because the court applied an enhancement for a leadership role in the criminal activity. The relief available through § 3582(c) is limited to the narrow issues described in the statute. *See United States v. Carrillo-Perez*, 670 F. App'x 658, 659 (10th Cir. 2016) (unpublished disposition) ("[A] defendant cannot use a § 3582(c)(2) appeal to attack his original judgment."). The issue Eskridge seeks to raise is not described in § 3582(c). Thus, we lack jurisdiction to consider it.

The district court's dismissal of Eskridge's § 3582(c) motion for lack of jurisdiction is **affirmed**. This court lacks jurisdiction to consider the other claims raised by Eskridge for the first time in this appeal.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge

---

[2]As the district court correctly concluded, Amendment 750 decreased Eskridge's total marijuana equivalency from 75,726 kilograms to 34,982 kilograms. The § 2D1.1(c) drug quantity table, as amended by Amendment 782, assigned a base offense level of thirty-six to that drug quantity.