FILED
United States Court of Appeals
Tenth Circuit

June 10, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff - Appellee, | No. 11-6038 |
| v. | (W.D. Oklahoma) |
| JUPITER LAMAR ROGERS, | (D.C. No. 5:07-CR-00056-C-2) |
| Defendant - Appellant. | |

**ORDER DENYING
CERTIFICATE OF APPEALABILITY**[*]

Before **BRISCOE,** Chief Judge, **MURPHY**, and **ANDERSON**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this matter. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Jupiter Lamar Rogers, proceeding *pro se*, seeks a certificate of appealability ("COA") to enable him to appeal the district court's denial of his motion pursuant to 28 U.S.C. § 2255. A jury had found him guilty of conspiracy

---

[*]This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

to distribute crack cocaine, in violation of 21 U.S.C. § 846; possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1); possession of two handguns in furtherance of a drug trafficking conspiracy, in violation of 18 U.S.C. § 924(c)(1)(A); and being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). He was sentenced to 300 months' imprisonment. Mr. Rogers filed a direct appeal of his conviction which this court affirmed. United States v. Rogers, 556 F.3d 1130 (10th Cir. 2009). Subsequently he filed the instant § 2255 motion seeking to vacate his conviction and sentence. The district court denied the motion and declined to issue a COA. The court also denied his motion to proceed on appeal *in forma pauperis ("ifp")*. For the following reasons, we deny a COA, deny his request to proceed on appeal *ifp*, and we dismiss this matter.

## BACKGROUND

Mr. Rogers claims, among other things, that he is factually innocent of the crimes of conviction. He provides, however, no real explanation of what was factually incorrect in either our affirmance of his conviction on direct appeal, or the district court's denial of his § 2255 motion below. The only argument he makes is that he was never in the hotel room where all of the evidence relevant to the drug and firearms charges against him was found.

In his § 2255 motion before the district court, and again in this application for a COA, Mr. Rogers makes four arguments: (1) his trial counsel was ineffective for failing to call key witnesses; (2) there was insufficient evidence to prove that he possessed a gun; (3) the government selectively prosecuted him; and (4) his sentence was incorrectly calculated.

**DISCUSSION**

Pursuant to 28 U.S.C. § 2253(c)(2), a prisoner seeking a COA must make "a substantial showing of the denial of a constitutional right." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). He may do so by "showing that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). Thus, when the district court has ruled on the merits of the prisoner's claims, the petitioner must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id.

The district court addressed and analyzed each of Mr. Rogers' arguments carefully and succinctly. There can be no doubt about the propriety of the district court's disposition. We therefore deny Mr. Rogers a COA for substantially the

reasons set forth in the district court's Memorandum Opinion & Order of January 13, 2011.

## CONCLUSION

For the foregoing reasons, we DENY a COA, we DENY the request to proceed *ifp* on appeal, and we DISMISS this matter.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge