FILED
United States Court of Appeals
Tenth Circuit

May 14, 2013

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

In re: KEITH V. WEATHERSBY,

Movant.

No. 13-3077
(D.C. Nos. 2:08-CV-02081-JWL &
2:98-CR-20076-JWL-3)
(D. Kan.)

---

**ORDER**

---

Before **HARTZ**, **TYMKOVICH**, and **O'BRIEN**, Circuit Judges.

---

**PER CURIAM**.

---

Keith V. Weathersby has filed a motion for authorization to file a second or successive motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. Because it does not appear that the § 2255 motion Mr. Weathersby seeks to file would be a "second or successive" motion subject to the gatekeeping provisions of 28 U.S.C. § 2255(h) and § 2244(b)(3), we dismiss the motion for authorization as unnecessary.

Mr. Weathersby was convicted of two federal drug offenses in March 2002 and sentenced to 292 months in prison. We affirmed his conviction and sentence on direct appeal. *See United States v. Weathersby*, 89 F. App'x 683 (10th Cir. 2004). Mr. Weathersby filed a motion for relief under § 2255 in February 2008, which the district court dismissed as untimely. Mr. Weathersby did not appeal that dismissal,

but he did file a Rule 60(b) motion in the district court in May 2009. The district court denied two of the claims on the merits and construed a third claim as an unauthorized second or successive claim, which it transferred to this court for possible authorization. Rather than seek authorization to file the claim, however, Mr. Weathersby filed a motion for remand, which we denied. *See In re Weathersby*, No. 09-3304, Order of Jan. 19, 2010. He then filed an appeal of the district court's denial of his Rule 60(b) motion, which we dismissed as untimely. *See United States v. Weathersby*, No. 10-3059, Order of Apr. 16, 2010.

Mr. Weathersby now wishes to file another § 2255 motion to challenge his sentence. He alleges that, after he filed his first § 2255 motion, he successfully attacked six California convictions that were used in calculating his criminal history category for his federal sentence, and those state convictions have since been expunged. He therefore desires to file another § 2255 motion to reopen his federal sentence. We have held that "[i]f a defendant successfully attacks state sentences, he may then apply for reopening of any federal sentence enhanced by the state sentences." *United States v. Cox*, 83 F.3d 336, 339 (10th Cir. 1996); *see also Johnson v. United States*, 544 U.S. 295, 303 (2005) (acknowledging Supreme Court's previous holding "that a defendant who successfully attacked his state conviction in state court or on federal habeas review could then apply for reopening of any federal sentence enhanced by the state sentences") (internal quotation marks omitted)).

In the Antiterrorism and Effective Death Penalty Act (AEDPA), Congress placed strict limitations on "second or successive" motions under § 2255, requiring that a defendant obtain circuit-court authorization before filing a second or successive motion and limiting the grounds for authorization. 28 U.S.C. § 2255(h). We refer to these limitations as gatekeeping provisions, and similar limitations apply to second or successive habeas petitions filed under 28 U.S.C. § 2254, *see id.* § 2244(b). Mr. Weathersby assumes that the § 2255 motion he now seeks to file is a "second or successive" motion within the meaning of AEDPA and that he therefore needs this court's authorization to file it. But based on the factual representations in his motion for authorization, we conclude otherwise.

The term "second or successive" is not defined in § 2255 or elsewhere in AEDPA. We know, however, that it does not simply refer to every § 2255 motion filed second in time to a previous § 2255 motion. *See Panetti v. Quarterman*, 551 U.S. 930, 944 (2007) ("The Court has declined to interpret 'second or successive' as referring to all § 2254 applications filed second or successively in time, even when the later filings address a state-court judgment already challenged in a prior § 2254 application."). In *Panetti*, the Supreme Court concluded that a claim that was not ripe at the time the state prisoner filed his first federal habeas petition would not be considered "second or successive" under § 2244(b) if the petitioner asserted the claim in a later habeas petition once it became ripe. *Id.* at 947; *see also Magwood v. Patterson*, 130 S. Ct. 2788, 2796 (2010) (describing *Panetti* as having

- 3 -

"creat[ed] an exceptio[n] to § 2244(b) for a second application raising a claim that would have been unripe had the petitioner presented it in his first application" (second alteration in original) (internal quotation marks omitted)).

As for the type of § 2255 claim that Mr. Weathersby now wishes to pursue, the Supreme Court has held that relief under § 2255 is not available until the state conviction used to enhance the federal sentence is vacated. *Johnson*, 544 U.S. at 305. It is the fact of the state court vacatur that gives rise to the federal claim; the facts supporting the challenge to the state conviction do not themselves provide the basis for the § 2255 claim. *Id.* at 305-07. Mr. Weathersby alleges in his motion that six California convictions that were used to calculate his criminal history category for his federal sentence were vacated after his first § 2255 motion was disposed of. If this is true,[1] then the basis for his proposed § 2255 claim did not exist before the conclusion of his earlier § 2255 motion.

The Fifth Circuit in *Leal Garcia v. Quarterman*, 573 F.3d 214 (5th Cir. 2009), considered whether a habeas petitioner must obtain prior authorization to file a second petition that is based on a defect that did not occur until after the first habeas

---

[1] For purposes of this proceeding, we accept as true Mr. Weathersby's allegation that his state convictions were vacated after his previous § 2255 proceedings were concluded. If, in fact, they were vacated before that time and could have been raised in his earlier proceedings, then a § 2255 motion seeking to raise their vacatur now would be second or successive and would require prior authorization to proceed.

proceedings were concluded. Looking to its own and to the Supreme Court's jurisprudence, the court concluded that

> if the purported defect existed, or the claim was ripe, at the time of the prior petition, the later petition is likely to be held successive even if the legal basis for the attack was not. If, however, the purported defect did not arise, or the claim did not ripen, until after the conclusion of the previous petition, the later petition based on that defect may be non-successive.

*Id.* at 222; *see also United States v. Obeid*, 707 F.3d 898, 903 (7th Cir. 2013) ("[A] petition or motion based on a claim that did not become ripe any earlier than until after the adjudication of the petitioner's first petition or motion is not 'second or successive' within the meaning of Sections 2244 and 2255(h)."); *In re Jones*, 652 F.3d 603, 605 (6th Cir. 2010) (holding § 2254 claim that was not ripe when first petition was filed, because it was based on events that had not yet occurred, was not a "second or successive" claim and so did not need circuit court's prior authorization).

More recently, in *Stewart v. United States*, 646 F.3d 856, 858 (11th Cir. 2011), the Eleventh Circuit considered whether a federal prisoner in the same position as Mr. Weathersby—i.e., one who, after the conclusion of his first § 2255 motion, successfully attacked state convictions that had been used to enhance his federal sentence—had to obtain prior authorization to file a § 2255 motion seeking to reopen his federal sentence based on the state-court vacatur order. Relying on the reasoning of *Johnson* and *Leal Garcia*, the court concluded that, because the basis for the claim the defendant sought to present did not exist until the proceedings on his first § 2255 motion were finished, the claim was not "second or successive" and did not require

the court's prior authorization. *Stewart*, 646 F.3d at 863-65. We find the reasoning of the Eleventh Circuit persuasive.

Accordingly, we conclude that if, as Mr. Weathersby represents, the state court did not vacate his convictions until after his first § 2255 proceedings were concluded, so the basis for his proposed § 2255 claim did not exist when those proceedings were ongoing, his claim to reopen his federal sentence based on the state court's vacatur is not "second or successive" and does not require our prior authorization. In so concluding, we express no opinion on whether Mr. Weathersby's new claim would be timely, *see Johnson*, 544 U.S. at 308-11 (holding § 2255's statute of limitations runs from date defendant received notice of vacatur, but only if defendant diligently pursued vacatur of state conviction following entry of federal judgment), or on whether the claim would have any merit, *see Cox*, 83 F.3d at 339 (noting that "the basis for the expungement or dismissal of the prior offenses" will determine "whether they may be included in calculating defendant's criminal history"); *United States v. Pettiford*, 612 F.3d 270, 277-78 (4th Cir. 2010) (concluding defendant was not entitled to § 2255 relief where vacatur of prior state convictions would not affect length of federal sentence).

Mr. Weathersby's motion for authorization is dismissed as unnecessary.