FILED
United States Court of Appeals
Tenth Circuit

April 14, 2014

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JUPITER LAMAR ROGERS,

Defendant - Appellant.

No. 13-6262
(D.C. Nos. 5:13-CV-00369-C
& 5:07-CR-00056-C-2)
(W.D. Okla.)

---

ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

---

Before **BRISCOE**, Chief Judge, **TYMKOVICH** and **GORSUCH**, Circuit Judges.

---

Jupiter Lamar Rogers, a federal prisoner proceeding pro se, seeks to appeal the

district court's dismissal for lack of jurisdiction of his motion filed under 28 U.S.C.

§ 2255. We deny a certificate of appealability (COA) and dismiss this proceeding.

A jury convicted Rogers of drug trafficking and firearms offenses in 2007, and

the district court sentenced him to 300 months' imprisonment. He appealed, and we

affirmed his convictions. *United States v. Rogers*, 556 F.3d 1130, 1144 (10th Cir.

2009). Rogers filed a pro se § 2255 motion to vacate, correct, or set aside his

sentence in 2010. He argued ineffective assistance based on his trial counsel's

---

[*]     This order is not binding precedent except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

failure to call key witnesses, insufficient evidence to prove he possessed a gun, selective prosecution, and error in calculating his sentence. *United States v. Rogers*, 425 F. App'x 773, 774 (10th Cir. 2011). The district court denied the motion, and we denied his request for a COA. *Id.*

Rogers filed a second pro se § 2255 motion in the district court in April 2013. The district court construed it as an unauthorized second or successive § 2255 motion and transferred it to this court. Rogers asked us to remand his motion to the district court, to be considered as a first § 2255 motion. Finding no basis to remand the motion, we terminated the proceedings.

Rogers next filed a "Motion to Reopen 28 U.S.C. § 2255" in the district court on August 29, 2013. R., Vol. 1 at 80. Based on the Supreme Court's decision in *Moncrieffe v. Holder*, 133 S. Ct. 1678 (2013), Rogers contended that his Oklahoma drug convictions did not qualify as aggravated felonies for purposes of enhancing his sentence under 21 U.S.C. §§ 841(b)(1)(A) and 851. For relief, he asked the district court to vacate his mandatory minimum sentence and resentence him. In *Moncrieffe*, the Court applied the categorical approach to hold that an alien's state conviction for possession of marijuana with intent to distribute did not qualify as an "aggravated felony" under the Immigration and Nationality Act, which includes all state offenses proscribing conduct punishable as a felony under the Controlled Substances Act. 133 S. Ct. at 1685, 1687. The district court construed Roger's latest motion as a third attempt to obtain relief under § 2255 that had not be authorized by this court.

*See* 28 U.S.C. § 2255(h) (requiring prior authorization by circuit court before filing second or successive § 2255 motion). It therefore dismissed the motion for lack of jurisdiction. Rogers moved to reconsider, contending that his motion was not second or successive because his claim under *Moncrieffe* was not available to him in his prior § 2255 motion. The district court denied the motion to reconsider and also denied Rogers' request for a COA. Rogers appealed.

Rogers must obtain a COA to pursue an appeal. *See United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008). Because the district court's ruling rests on procedural grounds, he must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We liberally construe Rogers' pro se application for a COA. *See Hall v. Scott*, 292 F.3d 1264, 1266 (10th Cir. 2002).

A prisoner's post-judgment motion is treated as a second or successive § 2255 motion—and is therefore subject to the authorization requirements of § 2255(h)—if it asserts or reasserts claims of error in the prisoner's conviction or sentence. *See United States v. Nelson*, 465 F.3d 1145, 1147 (10th Cir. 2006). "It is the relief sought, not [the] pleading's title, that determines whether the pleading is a § 2255 motion." *Id.* at 1149. "[I]f the prisoner's pleading must be treated as a second or

- 3 -

successive § 2255 motion, the district court does not even have jurisdiction to deny the relief sought in the pleading." *Id.* at 1148.

Rogers' first § 2255 motion was denied on the merits. In his latest § 2255 motion, he asserts a new claim of sentencing error that he has not sought this court's authorization to file. He argues that his current § 2255 motion is not "second or successive," however, because his claim under *Moncrieffe* was not "ripe" and "available" at the time his first § 2255 motion was decided. Mot. Requesting COA at 1. For this proposition, Rogers cites *Panetti v. Quarterman*, 551 U.S. 930 (2007); *Magwood v. Patterson*, 561 U.S. 320, 130 S. Ct. 2788 (2010); and *In re Weathersby*, 717 F.3d 1108 (10th Cir. 2013) (per curiam). Each of these decisions is distinguishable from Rogers' case. And he otherwise fails to show that he was unable to bring his *Moncrieffe* claim in his first § 2255 motion.

In *Panetti*, the Supreme Court held that a state prisoner's habeas claim under 28 U.S.C. § 2254 that he was incompetent to be executed was not a "second or successive" claim under 28 U.S.C. § 2244(b), even though the prisoner failed to raise it in his first § 2254 application. 551 U.S. at 945-47. The Court reasoned that, because such a claim is not ripe before the prisoner's "execution is imminent," requiring it to be filed in the prisoner's first § 2254 application would be "[a]n empty formality." *Id.* at 946. In *Panetti*, ripeness of the claim turned on a factual matter: the mental state of the prisoner approaching the time of his execution. Rogers points

- 4 -

to no factual occurrence that caused his *Moncrieffe* claim to ripen after his first § 2255 motion was decided.

*Magwood* held that a state prisoner's second § 2254 application was not "second or successive" under § 2244(b) because it "challenge[d] a new judgment for the first time." 130 S. Ct. at 2792. The prisoner in *Magwood* had been resentenced and a new judgment had been entered following the granting of his first § 2254 application. *Id.* at 2791. The Court held that § 2244(b) "appl[ies] only to a 'second or successive' application challenging the same state-court *judgment*." *Id*. at 2796. Rogers does not contend that a new judgment has been entered in his case.

Finally, we held in *Weathersby* that a § 2255 motion is not "second or successive" under § 2255(h) if it seeks to reopen a federal sentence on the ground that state convictions used to calculate the prisoner's criminal history category were subsequently vacated. 717 F.3d at 1111. We reasoned that "relief under § 2255 is not available until the state conviction used to enhance the federal sentence is vacated," because "[i]t is the fact of the state court vacatur that gives rise to the federal claim." *Id.* at 1110. Therefore, if the prisoner's state convictions were vacated after the proceedings on his first § 2255 motion became final, then a claim based on the vacatur is not second or successive and does not require this court's prior authorization. *Id.* at 1111. But Rogers does not contend that his Oklahoma drug convictions have been *vacated*; rather, he claims that, post-*Moncrieffe*, they no longer qualify as aggravated felonies for purposes of enhancing his sentence.

Moreover, it is clear that Rogers could have brought his *Moncrieffe* claim in his first § 2255 motion. While the Supreme Court had not yet decided that case, nothing prevented Rogers from asserting that his Oklahoma drug convictions did not qualify as aggravated felonies based on the reasoning the Court ultimately applied in *Moncrieffe*. The fact that he, unlike the alien in *Moncrieffe*, did not identify (or chose not to make) the argument, does not establish that he could not have done so. *Cf. Prost v. Anderson*, 636 F.3d 578, 588-89 (10th Cir. 2011) (holding prisoner could have included in his first § 2255 motion a statutory construction argument that the Supreme Court later vindicated in another prisoner's § 2255 proceeding). As we recognized in *Prost*,

> in [§ 2255(h)], Congress identified the excuses *it* finds acceptable for having neglected to raise an argument in an initial § 2255 motion. Failing to pursue novel statutory interpretations is not on that list . . . . The simple fact is that Congress decided that, unless subsection (h)'s requirements are met, finality concerns trump and the litigation must stop after a first collateral attack.

*Id.* at 589.

Because Rogers had not obtained this court's authorization under § 2255(h) to file his latest § 2255 motion, the district court dismissed it for lack of jurisdiction. He fails to show that jurists of reason would find the correctness of the district court's procedural ruling is debatable. Accordingly, we deny Rogers' application for a COA and dismiss the appeal. We also deny his second motion for appointment of

counsel.  We grant his motion for leave to proceed on appeal without prepayment of costs or fees.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk
