FILED
United States Court of Appeals
Tenth Circuit

August 26, 2014

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

JASON CLAYCOMB,

      Defendant - Appellant.

No. 14-8031
(D.C. Nos. 2:14-CV-00048-NDF and
2:07-CR-00196-CAB-5)
(D. Wyo.)

ORDER DENYING CERTIFICATE OF APPEALABILITY

Before **HARTZ**, **McKAY**, and **MATHESON**, Circuit Judges.

Defendant Jason Claycomb, a federal prisoner proceeding pro se, filed a motion

for relief under 28 U.S.C. § 2255 that was granted in part and denied in part. He then

filed another § 2255 motion, relying on *Alleyne v. United States*, 133 S. Ct. 2151 (2013),

to claim that facts necessary to impose his mandatory minimum sentence had not been

submitted to the jury. He argued that his § 2255 motion was timely under § 2255(f)(3)

and that it was not a second-or-successive motion because the claim was not ripe until

*Alleyne* was decided. The United States District Court for the District of Wyoming held

that it lacked jurisdiction because the motion was second or successive and denied the

motion. Defendant now seeks a certificate of appealability from this court to appeal the

denial. *See* 28 U.S.C. § 2253(c)(1)(B) (requiring COA to appeal denial of § 2255 motion). We deny the request and dismiss the appeal, with directions to the district court to dismiss, rather than deny, the motion because it was a second-or-successive motion over which the court lacked jurisdiction. Further, we construe Defendant's petition for a COA as a request for authorization to bring a second-or-successive § 2255 motion and deny that request.

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a prisoner cannot file a "second or successive" motion under § 2255 unless it is "certified . . . by a panel of the appropriate court of appeals to contain—(1) newly discovered evidence . . . or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). Although Defendant's § 2255 motion was certainly a second motion, he claims that it was not second or successive because it did not become ripe until *Alleyne* was decided. There is support for the proposition that a previously unripe claim is not second or successive. *See Panetti v. Quarterman*, 551 U.S. 930, 945–47 (2007); *In re Weathersby*, 717 F.3d 1108, 1111 (10th Cir. 2013) (a claim "was not ripe when first petition was filed, because it was based on events that had not yet occurred"). But what makes a claim unripe is that the factual predicate has not matured, not that the law was unsettled. Here, all the facts had matured by the time sentence was imposed. Defendant was not awaiting further factual development before he could bring his claim, and

2

nothing prevented him from filing his § 2255 motion earlier and making the same arguments he now makes (this is what the defendant in *Alleyne* did).

The Fifth Circuit has addressed a similar situation:

> [The defendant asks] us to hold that a petition is non-successive if it rests on a rule of constitutional law decided after the petitioner's first habeas proceeding because such a claim would not have been previously available. But § 2244(b) prohibits such a result. Newly available claims based on new rules of constitutional law (made retroactive by the Supreme Court) are *successive* under § 2244(b)(2)(A): Indeed, this is the reason why authorization is needed to obtain review of a successive petition.

*Leal Garcia v. Quarterman*, 573 F.3d 214, 221 (5th Cir. 2009). We agree with the Fifth Circuit's interpretation of § 2244(b) and apply that analysis to the analogous language in § 2255(h). *See United States v. Rogers*, No. 13-6262, 2014 WL 1408895, *2 (10th Cir. Apr. 14, 2014) (the defendant "points to no factual occurrence that caused his [claim under a recent Supreme Court decision] to ripen after his first § 2255 motion was decided"). Defendant's reliance on *Reed v. Ross*, 468 U.S. 1, 14–15 (1984), is misplaced. That opinion predated AEDPA, it did not address whether a claim had been ripe, and the § 2254 application in that case was apparently the petitioner's first, *see id.* at 7–8.

To avoid further proceedings on this matter, however, we will treat Defendant's pleadings in this case as an implied application for leave to file a second § 2255 motion. *See United States v. Nelson*, 465 F.3d 1145, 1149 (10th Cir. 2006). We deny leave because *Alleyne* does not apply retroactively. *See In re Payne*, 733 F.3d 1027, 1029–30 (10th Cir. 2013).

3

We DENY the request for a COA but REMAND with instructions to the district court to dismiss Defendant's § 2255 motion for lack of jurisdiction. We also DENY authorization to file a second or successive § 2255 motion, and we DENY Defendant's request to proceed *in forma pauperis*.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge