FILED
United States Court of Appeals
Tenth Circuit

March 16, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MICHAEL MCCALISTER,

    Defendant - Appellant.

No. 15-5110
(D.C. Nos. 4:15-CV-00072-TCK-TLW &
4:99-CR-00020-TCK-1)
(N.D. Okla.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **LUCERO**, **HARTZ**, and **O'BRIEN**, Circuit Judges.

Michael McCalister, a federal prisoner proceeding pro se, seeks a certificate of

appealability (COA) to appeal the district court's dismissal of his 28 U.S.C. § 2255

motion as being an unauthorized second or successive § 2255 motion. We deny a

COA and dismiss this matter.

### *Background*

McCalister was convicted in 1999 of conspiracy to possess with intent to

distribute controlled substances in violation of 21 U.S.C. § 846. He since has filed

several challenges to his conviction, including a § 2255 motion and other motions.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Most recently, in June 2012 he filed a § 2255 motion that the district court dismissed as being an unauthorized second or successive motion. This court denied a COA and denied McCalister authorization to pursue the claims. *See United States v. McCalister*, 545 F. App'x 718, 722-23 (10th Cir. 2013) (unpublished).

In 2015, McCalister filed a new § 2255 motion, which was based on events after McCalister's trial involving the alleged kingpins of the conspiracy. McCalister asserted that in May 2005 the district court allowed the dismissal of the indictment against John Torrence, who then pleaded guilty to a lesser offense. McCalister complained that the record showed neither that the government moved for the dismissal of the indictment nor that the district court stated reasons for the dismissal. McCalister also stated that in October 2009 the government moved under Fed. R. Crim. P. 48(a) to dismiss the indictment (without prejudice) against Orlando Mackey, who was a fugitive. McCalister complained that the Rule 48(a) motion gave no reasons for dismissing the indictment against Mackey, and the district court improperly granted the motion without requiring the government to supply its reasons.

In light of these events, McCalister sought to pursue claims of selective prosecution, prosecutorial misconduct, and judicial bias. He asserted that the factual basis for his claims did not exist until October 2014, because that is when the limitations period expired for filing a new indictment against Mackey. Noting that McCalister already had filed at least three § 2255 motions, the district court

- 2 -

concluded that the new motion was an unauthorized second or successive § 2255 motion. It declined to transfer the motion to this court for authorization and instead dismissed it for lack of jurisdiction.

McCalister timely filed a Fed. R. Civ. P. 59(e) motion, arguing that his motion was not properly considered second or successive because his claims were not ripe at the time he filed any of his previous § 2255 motions. The district court summarily denied the motion and then denied McCalister's motions for a COA and to proceed without prepayment of costs and fees.[1]

*Analysis*

McCalister must have a COA to appeal. *See United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008). For a COA, he must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

McCalister asserts that his claims are not second or successive because this is the first time he has brought them. He is incorrect. Once a federal prisoner has

---

[1] McCalister argues that the district court's orders dismissing his § 2255 motion and his Rule 59(e) motion were insufficient to allow appellate review. We disagree. The order dismissing the § 2255 motion was brief, but adequate, and the minute order denying the Rule 59(e) motion was not improper. McCalister misapprehends the authorities he cites for the proposition that the district court could not deny his Rule 59(e) motion without explanation.

pursued relief under § 2255, most subsequent claims, even ones that were never made before, are second or successive claims. There are some exceptions, one of which McCalister has invoked before and again cites in this case: claims that were not ripe at the time of the first § 2255 motion are not properly considered second or successive claims, *see Panetti v Quarterman*, 551 U.S. 930, 947 (2007); *In re Weathersby*, 717 F.3d 1108, 1110-11 (10th Cir. 2013) (per curiam). But we need not consider when McCalister's claims became ripe, and thus whether reasonable jurists could debate the procedural ruling, because it is not debatable whether the § 2255 motion stated a valid claim of the denial of a constitutional right.

The motion presented three claims. First, McCalister asserted that prosecuting him, but then allowing Torrence to plead guilty to a lesser offense and dismissing the indictment against Mackey, constituted selective prosecution, in violation of his right to equal protection. Although prosecutors enjoy broad discretion, "[such] discretion is subject to constitutional constraints." *United States v. Armstrong*, 517 U.S. 456, 464 (1996) (internal quotation marks omitted). "One of these constraints, imposed by the equal protection component of the Due Process Clause of the Fifth Amendment, is that the decision whether to prosecute may not be based on an unjustifiable standard such as race, religion, or other arbitrary classification." *Id.* (citation and internal quotation marks omitted). To proceed with a selective-prosecution claim, "[t]he claimant must demonstrate that the federal prosecutorial policy had a discriminatory effect and that it was motivated by a

discriminatory purpose." *Id.* at 465 (internal quotation marks omitted). This standard is a "demanding one." *Id.* at 463.

McCalister, however, failed to identify any "unjustifiable standard," such as race or religion, or "arbitrary classification" involved in the government's decisions. He simply alleged that years after his conviction, Torrence and Mackey were treated more favorably than he was, even though they were more criminally responsible. His allegations demonstrated neither a discriminatory effect nor a discriminatory purpose sufficient to proceed with a selective-prosecution claim. *See id.* at 465 ("In order to dispel the presumption that a prosecutor has not violated equal protection, a criminal defendant must present clear evidence to the contrary." (internal quotation marks omitted)). No reasonable jurist could debate the validity of this claim.[2]

Second, McCalister argued that the prosecutor committed misconduct (1) by violating McCalister's right to equal protection through selective prosecution, and (2) by dismissing the indictment against Mackey to prevent McCalister from discovering evidence about police misconduct, evidence that would help him challenge his own conviction. As discussed above, McCalister failed to state a plausible claim of selective prosecution, and therefore the related allegation of

---

[2] We recognize that McCalister unsuccessfully moved the district court to explain its orders regarding Torrence and Mackey. Even to obtain discovery, however, a claimant must present "some evidence that similarly situated defendants" who do not share the claimant's characteristic (e.g., race) "could have been prosecuted, but were not." *Armstrong*, 517 U.S. at 469. Having failed to identify any unjustifiable standard or arbitrary classification, much less present any evidence of such, McCalister failed to meet this "rigorous standard." *Id.* at 468.

misconduct cannot proceed. And the allegations regarding a cover-up were mere speculation and conjecture, unsupported by any evidence. No reasonable jurist could debate whether McCalister stated a valid claim of prosecutorial misconduct.

Finally, McCalister asserted that the district court's decisions favoring Torrence and Mackey, without requiring the government to provide reasons in either situation, demonstrated judicial bias. But as with the other claims, no reasonable jurist could debate this issue. It is well-established that judicial rulings alone generally are insufficient to establish bias, *see Liteky v. United States*, 510 U.S. 540, 555 (1994); *United States v. Cooley*, 1 F.3d 985, 993-94 (10th Cir. 1993), as are the "speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters" that underlie McCalister's allegations, *Cooley*, 1 F.3d at 993.

### *Conclusion*

McCalister's motion to proceed without prepayment of costs and fees is granted, but McCalister remains obligated to pay costs and fees in full. A COA is denied and this matter is terminated.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

- 6 -