FILED
United States Court of Appeals
Tenth Circuit

July 31, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

MICHAEL DWIGHT NORWOOD,

     Defendant - Appellant.

No. 18-6046
(D.C. Nos. 5:18-CV-00171-F &
5:06-CR-00180-F-1)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY[*]**
_____

Before **BRISCOE**, **MATHESON**, and **McHUGH**, Circuit Judges.
_____

Michael Dwight Norwood, a federal prisoner proceeding pro se, seeks a certificate

of appealability (COA) to appeal the district court's decision denying in part and

dismissing in part his motion for relief under 28 U.S.C. § 2255. We deny a COA and

dismiss this matter.

After pleading guilty, Mr. Norwood was convicted of three counts of distributing

methamphetamine and one count of being a felon in possession of a firearm. He was

sentenced to life in prison. His convictions and sentence were affirmed by this court.

Mr. Norwood subsequently filed a pro se § 2255 motion, claiming ineffective

---

[*] This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

assistance of counsel. The district court denied the motion and declined to issue a COA; this court denied the application for COA and dismissed the matter.

As is relevant to this proceeding, Mr. Norwood filed another pro se § 2255 motion in which he raised three grounds for relief. The district court considered the merits of ground one, but denied relief. As to the second and third grounds, the district court determined those claims were unauthorized second or successive § 2255 claims and dismissed them for lack of jurisdiction. Mr. Norwood now seeks a COA to appeal from the district court's decision denying in part and dismissing in part his § 2255 motion.

A. Ground One

In ground one, Mr. Norwood asserted that he had a prior conviction for felony drug possession in California state court that had been retroactively reduced to a misdemeanor on November 9, 2017. He argued that because his prior conviction was now a misdemeanor, it could not be used to enhance his sentence under 21 U.S.C. § 841.

The district court denied ground one on the merits. To obtain a COA when seeking review of a merits ruling, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Mr. Norwood has failed to show that reasonable jurists would find the district court's assessment of his claim in ground one debatable or wrong.

The district court determined that, although Mr. Norwood had previously filed a § 2255 motion, this claim was not a second or successive § 2255 claim to the extent it challenged his sentence based on the reclassification of his prior conviction. This

2

determination is consistent with our precedent. *See In re Weathersby*, 717 F.3d 1108, 1111 (10th Cir. 2013).

In considering the merits of this claim, the district court concluded that Mr. Norwood was not entitled to relief for two reasons. First, the court cited to authority from the Ninth Circuit that had been adopted by this court in an unpublished decision that rejected the argument that a prior conviction that was re-designated from a felony to a misdemeanor could no longer be counted as a prior felony for purposes of § 841. The district court also relied on the reasoning in this court's decision in *United States v. Dyke*, 718 F.3d 1282 (10th Cir. 2013), where this court held that an expunged state court conviction still counts as a conviction under § 841(b) because "[e]xpunction under state law . . . does not alter the historical fact of conviction," *id*. at 1292 (internal quotation marks omitted).

Second, the court determined that the conviction that was reduced to a misdemeanor was not the conviction on which the government relied to enhance Mr. Norwood's sentence. The felony conviction that was reduced to a misdemeanor was in the Superior Court of California, County of San Joaquin, for possession of a controlled substance. *See* R. at 153. The felony conviction that was used to enhance his sentence was in the Superior Court of California, County of Sacramento, for "conspiracy to transport/sell narcotic/controlled substance." Supp. R. at 5.

In his application for COA, Mr. Norwood does not address the district court's reasoning. He continues to argue that he is entitled to relief because he had a prior felony that was reclassified as a misdemeanor, but he fails to rebut the record evidence showing

3

that his sentence was not enhanced using the conviction that has now been reclassified as a misdemeanor.

    B.  Grounds Two and Three

In ground two, Mr. Norwood alleged his trial counsel provided ineffective assistance of counsel when he forged Mr. Norwood's signature on the petition to enter a plea of guilty. In ground three, he alleged that his prior conviction did not qualify as a drug trafficking offense. The district court concluded that this portion of Mr. Norwood's motion constituted a second or successive § 2255 motion and he had not received authorization from this court to file such a motion. The court therefore dismissed grounds two and three for lack of jurisdiction. Mr. Norwood has failed to show that reasonable jurists would debate the correctness of the district court's procedural ruling dismissing grounds two and three. *See Slack*, 529 U.S. at 484.

"A prisoner's post-judgment motion is treated like a second-or-successive § 2255 motion . . . if it asserts or reasserts claims of error in the prisoner's conviction." *United States v. Baker*, 718 F.3d 1204, 1206 (10th Cir. 2013). And a prisoner may not file a second or successive § 2255 motion unless he first obtains an order from the circuit court authorizing the district court to consider the motion. *See* 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). In the absence of such authorization, a district court lacks jurisdiction to address the merits of a second or successive § 2255 motion. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam).

Mr. Norwood does not dispute that he filed a second § 2255 motion in which he raised claims attacking his conviction and sentence without authorization from this court.

He argues that the district court erred in dismissing his motion because it was timely filed and he raised meritorious due process and equal protection claims. This argument fails to address the district court's determination that it lacked jurisdiction to consider the claims because they were second or successive and Mr. Norwood had not obtained authorization from this court to file them.

Reasonable jurists could not debate the district court's decision to deny in part and dismiss in part Mr. Norwood's § 2255 motion. Accordingly, we deny a COA and dismiss this matter. We grant Mr. Norwood's motion for leave to proceed without prepayment of costs or fees.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk