**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

KEVIN TOMMIE HALL,

    Defendant - Appellant.

No. 19-3026
(D.C. Nos. 2:18-CV-02642-KHV &
2:06-CR-20162-KHV-1)
(D. Kan.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **BRISCOE**, **MATHESON**, and **CARSON**, Circuit Judges.
_____

Kevin Tommie Hall, a federal prisoner proceeding pro se, seeks to appeal the

district court's denial in part and dismissal in part of his motion filed under Fed. R. Civ.

P. 60(b). We deny a certificate of appealability (COA) and dismiss this appeal.[1]

**I.**    **Background**

In 2008, Hall was convicted of armed bank robbery; using, carrying or brandishing

a firearm during and in relation to a crime of violence; and possession of a firearm by a

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] This matter was abated pending a ruling by the district court on whether to grant a COA regarding its denial of Hall's Rule 60(b) motion. The district court denied a COA on June 27, 2019. We therefore lift the abatement.

convicted felon.  The district court sentenced him to 594 months' imprisonment.  This

court affirmed his conviction and sentence.  In 2012, Hall filed a motion to vacate under

28 U.S.C. § 2255.  In 2015, the district court denied relief and denied a COA.  This court

also denied a COA.

In 2018, Hall filed in the district court a pleading he labeled "Rule 60(b) Motion

Revisited [and] Rule 60(b)(6) New Motion."  R., Vol. I at 598.  The district court

construed Hall's filing, in part, as a motion for relief under Fed. R. Civ. P. 60(b).  After

denying relief under that Rule, the court dismissed the remainder of Hall's motion for

lack of jurisdiction as an unauthorized second or successive § 2255 motion.

## II.    Discussion

Hall must obtain a COA to pursue an appeal.  *See Spitznas v. Boone*, 464 F.3d

1213, 1217-18 (10th Cir. 2006) (holding a COA is required to appeal from the denial of a

Rule 60(b) motion in a habeas case); *United States v. Harper*, 545 F.3d 1230, 1233

(10th Cir. 2008) (holding a federal prisoner must obtain a COA to appeal the district

court's dismissal of an unauthorized second or successive § 2255 motion for lack of

jurisdiction); *see also* 28 U.S.C. § 2253(c)(1)(B).  We liberally construe Hall's pro se

opening brief and application for a COA.  *See Hall v. Scott*, 292 F.3d 1264, 1266

(10th Cir. 2002).

### A.    Denial of Rule 60(b) Motion

Judgment was entered on Hall's § 2255 motion in 2015.  In his latest motion,

which he filed in 2018, Hall argued that the district court failed to rule on all of the

claims in his § 2255 proceeding that related to an aiding and abetting charge.  The district

2

court construed this portion of Hall's motion as properly seeking relief under Rule 60(b). *See Spitznas*, 464 F.3d at 1224-25 (holding that district court's failure to rule on a claim is a defect in the integrity of federal habeas proceedings that may be raised in a Rule 60(b) motion).

The court first held that the motion was untimely if Hall sought relief under Rule 60(b)(1) because it was not filed within one year of the judgment in his § 2255 proceedings. *See* Fed. R. Civ. P. 60(c)(1); *see also Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993). The district court further held that Hall did not satisfy the Rule 60(b)(6) standard for relief, which may only be granted when it would offend justice to deny such relief. *See Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1293 (10th Cir. 2005). The court concluded that, contrary to Hall's assertion, the district court (and this court) had considered Hall's claims regarding the aiding and abetting charge.

Because the district court's rulings rested on procedural grounds, Hall must show *both* "that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added). Hall fails to show that reasonable jurists would debate the district court's ruling that his latest motion, if filed under Rule 60(b)(1), was untimely. He maintains only that the court stood behind "false procedural barriers." Aplt. Opening Br.-COA Appl. at 16.

3

Hall also fails to show that the district court's denial of relief under Rule 60(b)(6) is debatable. In denying Hall's first § 2255 motion, the district court addressed his claim that his trial counsel was ineffective in failing to object to a jury instruction on aiding and abetting. Hall filed a motion for reconsideration, arguing that the court had misconstrued his claims regarding the aiding and abetting charge. The district court denied his motion for reconsideration. Hall argues that the court failed to consider his argument based on *Rosemond v. United States*, 572 U.S. 65 (2014), which he says he raised in his motion for reconsideration. But we find no reference to *Rosemond* in that motion.[2] Hall does not show that reasonable jurists would debate the district court's denial of his latest motion, to the extent that he sought relief under Rule 60(b)(6).

### B.    Dismissal of Unauthorized Second or Successive § 2255 Motion

The district court dismissed for lack of jurisdiction the remainder of Hall's motion, which it construed as raising claims of error at his sentencing. The court held that this portion of the motion constituted an unauthorized second or successive § 2255 motion. *See United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006) ("A § 2255 motion is one claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack." (internal quotation marks omitted)). Once again, Hall fails to show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

---

[2] Hall did raise *Rosemond* in his application for a COA in this court. We denied a COA.

Hall argues that his motion is not a second or successive § 2255 motion because his sentencing claims were not ripe when he filed his first § 2255 motion. He cites *In re Weathersby*, 717 F.3d 1108 (10th Cir. 2013), in which we held that a defendant's second § 2255 motion was not "second or successive" because the basis for his claim—the vacatur of a state court conviction that was used to enhance his federal sentence—did not exist before the conclusion of his § 2255 proceedings, *id.* at 1111. Hall argues that his sentencing claims did not ripen until the Supreme Court's decision in *Moncrieffe v. Holder*, 569 U.S. 184, 194-95 (2013) (holding that, under the categorical approach, a state court drug conviction did not qualify as an aggravated felony).

The exception to the bar on unauthorized successive § 2255 motions that Hall invokes applies "where the factual basis for a claim does not yet exist." *United States v. Williams*, 790 F.3d 1059, 1068 (10th Cir. 2015). Yet Hall does not present any new *factual* basis for his sentencing claims. Instead, he argues that, under the reasoning in *Moncrieffe*, the district court erred in using one of his prior convictions to enhance his sentence. But the fact that Hall did not identify that argument while his § 2255 proceedings were pending does not establish that he could not have done so. *Cf. Prost v. Anderson*, 636 F.3d 578, 588-89 (10th Cir. 2011) (holding defendant could have included in his first § 2255 motion a novel statutory construction argument that the Supreme Court later vindicated in another defendant's § 2255 proceeding). Thus, Hall has not shown that reasonable jurists would debate the district court's holding that this portion of his latest motion, in which he sought to bring claims challenging his sentence, was an unauthorized second or successive § 2255 motion.

**III. Conclusion**

We deny Hall's application for a COA and dismiss the appeal. We grant Hall's application to proceed without prepayment of fees and costs.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk