FILED
United States Court of Appeals
Tenth Circuit

January 5, 2021

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

BENJAMIN W. FAWLEY,

     Petitioner - Appellant,

v.

DAVID JABLONSKI; R.C. SMITH;
HOWARD CHAVEZ,

     Respondents - Appellees.

No. 20-2121
(D.C. No. 2:18-CV-00943-MV-CG)
(D. N.M.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **HARTZ**, **KELLY**, and **CARSON**, Circuit Judges.
_____

Benjamin W. Fawley, a state prisoner representing himself, seeks a certificate of

appealability (COA) to appeal the district court's dismissal of his 28 U.S.C. § 2254

petition. We deny a COA and dismiss this matter.

In 2006, Fawley entered an *Alford*[1] plea in a Virginia court to second-degree

murder and received a lengthy prison sentence. He has been serving that sentence in the

New Mexico Corrections Department since 2009. Since his transfer to New Mexico, he

has filed several § 2254 petitions related to his Virginia conviction. *See, e.g.*, *Fawley v.*

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] *See North Carolina v. Alford*, 400 U.S. 25, 37–38 (1970).

*Clarke*, No. 12CV400, 2013 WL 1856111, *1 (E.D. Va. May 1, 2013) (unpublished); *Fawley v. Johnson*, No. 09CV452, 2010 WL 2483988, *1 (E.D. Va. June 16, 2010) (unpublished). And he has unsuccessfully sought authorization in this court and in the United States Court of Appeals for the Fourth Circuit to file a second or successive § 2254 petition.

After all this, Fawley brought the § 2254 proceeding underlying this appeal. His amended petition alleged various constitutional violations flowing from his claim that the New Mexico Corrections Department has improperly enhanced his sentence. The district court dismissed the amended petition, concluding that it lacked jurisdiction to consider a second or successive § 2254 petition without authorization from this court. And it denied Fawley a COA.

To obtain a COA from us, Fawley "must show that 'jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008) (quoting *Slack v. McDaniel*, 529 U.S. 473, 478 (2000)). No one disputes that the district court lacked jurisdiction to address the merits of an unauthorized second or successive § 2254 petition. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam). Fawley argues that his amended petition is not second or successive, however, because it raises new claims. His amended petition alleges that the conduct underlying his claims began in 2009 and was "only discovered as [a] claim in 2017." R. at 44. To be sure, a claim will not be considered second or successive if it was not yet ripe when the petitioner filed an earlier § 2254 petition. *See In re Weathersby*, 717 F.3d 1108, 1110 (10th Cir. 2013) (per curiam). But in this context,

2

ripeness turns on whether the factual basis for the claim existed, not whether it had been discovered, when an earlier petition was filed. *See United States v. Williams*, 790 F.3d 1059, 1068 (10th Cir. 2015) (discussing motions under 28 U.S.C. § 2255). Because the factual basis for the claims in Fawley's amended petition existed when he filed earlier habeas petitions, reasonable jurists could not debate the district court's decision to dismiss the amended petition as an unauthorized second or successive petition.

We deny Fawley's application for a COA and dismiss this matter.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk