FILED
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

**January 8, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

BRUCE SEARS,

    Defendant - Appellant.

No. 23-3158
(D.C. Nos. 6:23-CV-01117-JWB &
6:04-CR-10174-JWB-1)
(D. Kan.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY***
_____

Before **MATHESON**, **KELLY**, and **MORITZ**, Circuit Judges.
_____

Before a federal inmate can file a second or successive 28 U.S.C. § 2255 motion,

he or she must obtain prior authorization from the appropriate court of appeals.

§ 2255(h).  If the inmate files a second or successive § 2255 motion without

authorization, the district court lacks jurisdiction to hear it.  *In re Cline*, 531 F.3d 1249,

1251 (10th Cir. 2008).  But not every § 2255 motion filed second or later in time will be

considered second or successive.  *See Panetti v. Quarterman*, 551 U.S. 930, 944 (2007).

If a claim was not ripe when the inmate's first § 2255 proceedings concluded, for

_____

* This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

example, the claim will not be considered second or successive if the inmate asserts it once it ripens. *See In re Weathersby*, 717 F.3d 1108, 1110 (10th Cir. 2013).

Bruce Sears is serving a life sentence in federal prison for committing a serious violent felony with at least two prior convictions for serious violent felonies. *See* 18 U.S.C. § 3559(c)(1). He recently filed a § 2255 motion, arguing that his Kansas robbery convictions (used as predicate convictions for his life sentence) do not qualify as serious violent felonies. He acknowledged that he had already sought relief through an earlier § 2255 motion, but he argued that his current claim did not become ripe until the Supreme Court issued its decision in *Borden v. United States*, 141 S. Ct. 1817 (2021).[1] For that reason, he concluded, his motion should not be considered second or successive.

The district court rejected Mr. Sears's argument that his claim was not ripe until the decision in *Borden* came down. Treating Mr. Sears's motion as an unauthorized second or successive one, the district court dismissed it for lack of jurisdiction.

Mr. Sears cannot appeal without a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B). To obtain one, he must show that reasonable jurists would find it debatable whether the district court's procedural ruling was correct.[2] *See Slack v. McDaniel*, 529 U.S. 473, 478 (2000).

---

[1] *Borden* held that an offense does not count as a violent felony under the Armed Career Criminal Act if it requires a mens rea of mere recklessness. 141 S. Ct. at 1821–22.

[2] Mr. Sears represents himself, so we construe his filings liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

The district court's ruling is beyond debate. What makes a claim unripe is that its *factual basis* does not yet exist, not that caselaw does not yet support the claim. *See United States v. Williams*, 790 F.3d 1059, 1068–69 (10th Cir. 2015). Mr. Sears's current claim asserts that his Kansas robbery convictions do not qualify as serious violent felonies and so cannot support a mandatory life sentence. That claim became ripe when the district court imposed the life sentence.[3] Because Mr. Sears's claim was ripe when he filed his first § 2255 motion, the district court correctly treated his latest motion as an unauthorized second or successive one.

We deny Mr. Sears's application for a certificate of appealability. We grant his motion to proceed without prepaying costs or fees. We dismiss this matter.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk

---

[3] Mr. Sears's motion also claimed (with less discussion) that the Kansas robbery convictions should not expose him to the career-offender provision of the sentencing guidelines. Our analysis of his primary claim (challenging his mandatory life sentence) also applies to his claim that he does not qualify as a career offender, for both claims became ripe when the district court imposed the sentence.

3