**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**March 25, 2026**

_____

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARLON ALONZO SMITH,

Defendant - Appellant.

No. 25-4032
(D.C. Nos. 2:16-CR-00020-DN-1 &
2:21-CV-00081-DN)
(D. Utah)

_____

### ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

_____

Before **TYMKOVICH**, **BALDOCK**, and **PHILLIPS**, Circuit Judges.

_____

Marlon Alonzo Smith seeks to appeal from a district court order dismissing a postjudgment motion for lack of jurisdiction because the district court concluded the motion was, in substance, an unauthorized second or successive 28 U.S.C. § 2255 motion. As we will explain, Smith requires a certificate of appealability (COA) to proceed with this appeal, but he cannot qualify for a COA in these circumstances. We therefore dismiss this proceeding.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.    BACKGROUND & PROCEDURAL HISTORY

In 2018, a federal jury found Smith guilty of possessing a controlled substance with intent to distribute.  The district court sentenced him to a 180-month prison term.  Smith then pursued an unsuccessful direct appeal, *see United States v. Smith*, 800 F. App'x 658 (10th Cir. 2020) (affirming the district court's judgment), and an unsuccessful § 2255 motion, see *United States v. Smith*, No. 21-4130, 2023 WL 1156294 (10th Cir. Jan. 31, 2023) (denying a COA to appeal the district court's denial of § 2255 relief).

Smith has since filed several pro se motions in the district court regarding his conviction or sentence.  One of those motions is at issue here, specifically, a motion "to amend and correct misinformation and [add] updated information to his presentence investigation report."  Suppl. R. at 20.  We will refer to this as the "PSR motion."  According to the PSR motion, one or more of Smith's convictions noted in the criminal history portion of his PSR has been expunged.  The motion further alleges that the PSR's narrative about some of those convictions was inaccurate.  Smith therefore asked the court to order "the probation office to . . . update records on his [PSR] . . . to reflect his offense level and criminal history category . . . and to provide him a copy of the updated [PSR]."  *Id.* at 21, ¶ 5.

The district court construed the PSR motion as, in effect, a second or successive motion for § 2255 relief.  Because this court had not authorized that motion, *see* 28 U.S.C. § 2255(h), the district court dismissed the motion for lack of jurisdiction.  Still pro se, Smith filed a notice of appeal.

2

An appeal from the type of order in question requires a COA. *See United States v. Harper*, 545 F.3d 1230, 1232–33 (10th Cir. 2008) (holding that a prisoner must obtain a COA to appeal from a district court order dismissing the prisoner's motion as, in substance, an unauthorized second or successive § 2255 motion). Upon examination of Smith's filings, however, we noted the possibility that Smith's PSR motion might raise the sort of situation we described in *In re Weathersby*, 717 F.3d 1108 (10th Cir. 2013), which we will discuss shortly. The upshot, assuming *Weathersby* applies, would be that the district court should not have treated Smith's PSR motion as an unauthorized second or successive § 2255 motion and this COA proceeding should never have arisen. We therefore appointed counsel for Smith and ordered counsel to file a supplemental brief addressing *Weathersby* and related matters. The government then filed a supplemental response brief. Finally, Smith filed an unopposed motion to file a reply brief. We grant that motion and we have considered the proposed reply attached to the motion. This matter is now ripe for decision.

## II.     ANALYSIS

In *Weathersby*, a federal prisoner filed a motion with this court for authorization to file another § 2255 motion. 717 F.3d at 1109. He claimed the State of California had expunged certain convictions that had been used in calculating his criminal history category for purposes of his federal sentence. *Id.* We held that— assuming the expungements happened after the conclusion of his original § 2255 proceedings—a new § 2255 based on those expungements was not a "second or

3

successive" motion under § 2255(h) and therefore did not require this court's authorization. *Id.* at 1110–11.

On its face, Smith's PSR motion appears to fall in the *Weathersby* category. But the parties' further briefing demonstrates that *Weathersby* does not apply. Unlike *Weathersby*, Smith does not argue that the expungement in question happened after the conclusion of his original § 2255 proceedings. He instead claims he did not receive *notice* of the expungement until after the conclusion of his original § 2255 proceedings. Assuming this to be true, we agree with the government that our decision in *United States v. Williams*, 790 F.3d 1059 (10th Cir. 2015), forecloses a *Weathersby* claim in these circumstances.

In *Williams*, the defendant had already filed four unsuccessful § 2255 motions, *id.* at 1065, and this court denied his motion for authorization to file a fifth collateral attack based on newly discovered evidence of police misconduct, *id.* at 1065–66. The defendant nonetheless filed a motion in the district court for relief based on the newly discovered evidence. *Id.* at 1066. The district court granted relief and the government appealed. *Id.* at 1066–67. We held the defendant's district-court motion had been, in effect, an unauthorized second or successive § 2255 motion that the district court did not have jurisdiction to adjudicate. *Id.* at 1068.

Resisting this conclusion, the defendant argued that his motion was the same type of motion at issue in *Weathersby* because the evidence of police corruption had yet to be discovered when his original § 2255 proceedings concluded. *Id.* We explained, however, that *Weathersby* only applies "where the factual basis for a claim

does not yet exist—not where it has simply not yet been discovered—at the time of a defendant's first [§ 2255] motion." *Id.*

Turning to Smith's case, he filed his first § 2255 motion on February 8, 2021, and the factual basis for his new claim—the expungement—took place on February 26, 2021, *see* Suppl. R. vol. 1 at 40 (minute order dated February 26, 2021, from California state court). His original § 2255 proceeding concluded in August 2021. *See* Suppl. R. vol. 4 at 225–43 (district court order denying relief). Per *Williams*, then, Smith's PSR motion was a second or successive § 2255 motion.[1]

---

[1] In his reply brief, Smith—without addressing *Williams*—goes back to *Weathersby* and interprets it as establishing a different rule for analyzing the timeline. According to Smith, *Weathersby* deems a claim "second or successive" only if it ripened before a first § 2255 motion was *filed*. Therefore, he continues, if a claim ripens between the filing date and final judgment, it may be presented *after* final judgment in a new § 2255 motion without having to satisfy the second-or-successive standard. Smith recognizes that *Weathersby* actually says the opposite. *See* 717 F.3d at 1110 n.1 ("If . . . [the movant's prior convictions] were vacated before [the conclusion of his first § 2255 proceedings] and could have been raised in [those] earlier proceedings, then a § 2255 motion seeking to raise their vacatur now would be second or successive and would require prior authorization to proceed."). But Smith argues this is dicta.

Smith's argument is, at best, a non-obvious interpretation of *Weathersby*. Moreover, if correct, it would render irrelevant the argument he made in his first supplemental brief, namely, he did not receive *notice* that his conviction had been vacated until after the conclusion of his first § 2255 proceedings. We conclude Smith waived his new interpretation of *Weathersby* by failing to raise it in his first supplemental brief. *Cf. Colo. Outfitters Ass'n v. Hickenlooper*, 823 F.3d 537, 544 (10th Cir. 2016) ("[O]ur duty to consider unargued obstacles to subject matter jurisdiction does not affect our discretion to decline to consider waived arguments that might have supported such jurisdiction." (internal quotation marks and emphasis omitted)).

This conclusion demonstrates why Smith does not qualify for a COA. To merit a COA, he must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This means he "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). And he must make an extra showing in this circumstance because the district court resolved his motion on a procedural basis, namely, lack of jurisdiction. So he must also show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* In light of *Williams*, reasonable jurists would not debate the district court's dismissal for lack of jurisdiction.

## III.    CONCLUSION

We deny a COA and dismiss this proceeding.

Entered for the Court

Gregory A. Phillips
Circuit Judge

6